## 62776. GARRETT v. THE STATE.

CARLEY, Judge.

Appellant was indicted for violating Code Ann. § 26-1506 in that he "did unlawfully possess an article, to wit: one black and white G.E. portable T.V. set from which the manufacturer's serial number has been removed for the purpose of concealing and misrepresenting the identity of such article..." Appellant was convicted and appeals from the judgment and sentence entered on the jury verdict.

1. In related enumerations of error appellant attacks several evidentiary rulings by the trial judge and urges that the "probative" evidence admitted at trial was insufficient to support the finding of guilt. The evidence adduced at trial was as follows: The police were investigating a residential burglary and received information that the stolen property was located at appellant's residence. Acting on this

information, the police obtained a warrant to search the premises. Contrary to appellant's assertions, the aforesaid testimony was admissible under Code Ann. § 38-302. *Forbes v. State,* 51 Ga. App. 465 (2) (180 SE 914) (1935). Execution of the warrant revealed that appellant was in possession of a television set, the paper identification number of which had been "pulled off." Only the "residue" of this identification tag remained on the set. *Rogers v. State,* 139 Ga. App. 656 (229 SE2d 132) (1976). Compare *Blair v. State,* 144 Ga. App. 118 (2) (240 SE2d 319) (1977). For this reason it could not be determined whether the television set was stolen property. The officer testified, over appellant's objection, that at the time the television was seized he also found and seized other items which had been reported to him as stolen. Contrary to appellant's assertions, it was not error to admit this testimony. See *Bixby v. State,* 234 Ga. 812 (218 SE2d 609) (1975); *Frazier v. State,* 150 Ga. App. 343 (258 SE2d 29) (1979); *Cantrell v. State,* 154 Ga. App. 725 (1) (270 SE2d 12) (1980); *Cleveland v. State,* 155 Ga. App. 267, 268 (2) (270 SE2d 687) (1980). Nor was this testimony objectionable as being hearsay on the question of whether these other goods were "stolen." The officer did not testify they were "stolen" and his testimony was not admitted to prove they were. The officer testified from direct observation and by way of explaining his conduct and as a circumstance of the arrest that he seized goods which were in appellant's possession that had been *reported* as stolen. See *Germany v. State,* 235 Ga. 836, 840 (2) (221 SE2d 817) (1976). See also *Calhoun v. State,* 135 Ga. App. 609, 610 (2) (218 SE2d 316) (1975). Appellant testified that he had been approached by a friend whom he had known about a month and who stated "he needed some money" and wished to sell some property. According to appellant, he purchased the television, without knowledge of its lack of an identification number, for $75 from his friend, "just more or less trying to help him," in a transaction in which he also purchased for an additional $75 the following: two or three jewelry boxes containing "assorted jewelry," a "[b]unch of jewelry," though appellant "didn't pay real good attention to what was in them"; "about four or five knives"; and a "little tote bag" that appellant "didn't really buy . . . [his friend] just throwed . . . it."

"We believe the case is controlled by the well established principle that knowledge or scienter may be proved, like any other fact, by circumstantial evidence. [Cits.] Even though knowledge is denied by the defendant, the jury would be authorized to return a verdict of guilty based on the circumstances of the case. [Cits.]" *Rogers,* 139 Ga. App. at 657, supra. The evidence supports a finding that appellant bought the television set with "guilty knowledge" that

the identification number had been removed for purposes of destroying or concealing its identity. See *Birdsong v. State,* 120 Ga. 850, 852 (3) (48 SE 329) (1904).

2. Appellant enumerates as error the denial of his motion for mistrial lodged after the assistant district attorney in his closing argument allegedly introduced, in violation of Code Ann. § 81-1009, prejudicial matters not in evidence. We have carefully reviewed the alleged improper argument and find no reversible error. It is apparent that the assistant district attorney was merely attempting to impress upon the jury the gravity of the criminal offense appellant was charged with committing, *Huff v. State,* 45 Ga. App. 244 (164 SE 86) (1932), and the necessity for enforcement of that law, *Terhune v. State,* 117 Ga. App. 59, 60 (5) (159 SE2d 291) (1967), in order to effectuate the prevention and deterrence of crime, *Chambers v. State,* 134 Ga. App. 53, 54 (4) (213 SE2d 158) (1975). In so doing the attorney for the state was authorized to argue "all reasonable inferences and deductions which [might have been] drawn from the evidence however illogical they [might have seemed] to [appellant]. [Cits.] The discretion of the trial court in handling these matters will not be disturbed on appeal except in clear cases of abuse and we find none here. [Cits.]" *Minor v. State,* 143 Ga. App. 457, 458 (238 SE2d 582) (1977).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 11, 1982.

*Hulon Murray,* for appellant.

*Jeff C. Wayne, District Attorney, Bruce L. Udolf, Assistant District Attorney,* for appellee.