## 72500. HARRIS v. THE STATE.
(348 SE2d 476)

SOGNIER, Judge.

Appellant was convicted of cruelty to children and appeals.

1. Appellant contends the evidence is not sufficient to support the verdict. Appellant was living with Linda Henderson and her chil-

dren. On July 4, 1984 Henderson was awakened by her infant son screaming. Henderson went into her son's bedroom and found appellant putting a diaper on the baby, and he had given the baby a bottle. The following morning Henderson noticed a bruise on her son's ear and redness on his penis, so she took her son to the emergency room at the hospital. Two doctors testified that there were bruises on the infant's head, neck and chest which were not consistent with falls, but were consistent with child abuse. The injury to the penis was not diaper rash, but was consistent with a burn. In a statement to the GBI, appellant stated that he had spanked the baby in the past but had never bruised him, and had never burned him with a cigarette. No one other than appellant, Henderson and her children were in their trailer overnight when Henderson's son was injured.

Appellant contends that because no one witnessed the alleged abuse, and the only incriminating evidence of any kind came from Henderson, the conviction cannot stand. Appellant argues that because Henderson was convicted of simple battery she was an accomplice, and under Georgia law his conviction cannot be supported by the uncorroborated testimony of an accomplice.

In Georgia, the testimony of an accomplice used to convict the accused of a crime must be supported by independent corroborating evidence as to the identity and participation of the accused tending to connect him to the crime or leading to the inference that he is guilty. *Eubanks v. State*, 240 Ga. 544, 545 (1) (242 SE2d 41) (1978). Slight evidence of a defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony and thus support the verdict. *Cummings v. State*, 240 Ga. 104, 105 (239 SE2d 529) (1977). The necessary corroboration may be by circumstantial evidence. *Blalock v. State*, 250 Ga. 441, 443 (4) (298 SE2d 477) (1983).

There was independent evidence here that Henderson's son was injured within 24 hours of the time he was examined, and independent evidence that there were no bruises on the baby in the early evening hours of July 4 before he went to bed. Further, a doctor testified that the injury to the ear would "more than likely" have to be incurred from a direct blow, "kind of a slapping injury." Both doctors who testified stated that the injury to the penis could possibly be from a burn. Hence, we find that Henderson's testimony was corroborated by independent evidence, and the evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends error in denial of his motion to sever because his conviction probably resulted from evidence against his codefendant, Henderson. We do not agree.

We find no evidence against Henderson which would be consid-

ered against appellant. The only evidence against Henderson was her own statements prior to trial and her testimony at trial. At a *Jackson-Denno* hearing on the admissibility of Henderson's pre-trial statements the court ordered the prosecuting attorney to excise all material incriminating to appellant, and the prosecutor complied with that order. In Henderson's statements and testimony she acknowledged that she may have committed the offense, but had no recollection of doing so. She also stated on one occasion that she was going to plead guilty and get it (the trial) over with. Certainly such statements would have no adverse effect on appellant, since the statements and testimony would only implicate Henderson.

The burden is on the defendant requesting a severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a resulting denial of due process. *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975). Appellant has not met this burden, and hence, we find no error in the denial of his motion for a severance.

3. Appellant contends his conviction must be reversed because it was based solely on the uncorroborated testimony of an accomplice. We have resolved this issue adversely to appellant in Division 1.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 14, 1986 —
REHEARING DENIED JULY 30, 1986 ▮

*G. Hammond Law III*, for appellant.
*Bruce L. Udolf, District Attorney*, for appellee.