## A91A2076. BENNETT v. THE STATE.
### (415 SE2d 310)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of possession of cocaine with intent to distribute and of misdemeanor possession of marijuana. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt. In related enumerations of error, appellant urges the general grounds only as to his conviction for possession of cocaine with intent to distribute.

A co-indictee testified for the State and implicated appellant as a party in a conspiracy to collect, transport, package, and distribute cocaine. Her testimony as to appellant's role as a courier in this conspiracy was partially corroborated through the testimony of an investigating officer, who had made a traffic stop of an automobile driven by appellant and owned by another co-indictee. Testimony of appellant's prior cocaine sales was admitted to shed light on the extent of appellant's knowledge and participation in a conspiracy to distribute cocaine.

"On appeal of a criminal conviction, the appellant is no longer indulged with the presumption of innocence, for the jury has rendered its verdict; [this court does] not weigh the evidence or determine the witness' credibility but construe[s] the evidence to uphold the verdict. [Cit.]" *Clark v. State*, 197 Ga. App. 318, 320 (1) (398 SE2d 377) (1990). "In Georgia, the testimony of an accomplice used to convict the accused of a crime must be supported by independent corroborating evidence as to the identity and participation of the accused tending to connect him to the crime or leading to the inference that he is guilty. [Cit.] Slight evidence of a defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony and thus support the verdict. [Cit.] The necessary corroboration may be by circumstantial evidence. [Cit.]" *Harris v. State*, 180 Ga. App. 56, 57 (1) (348 SE2d 476) (1986). Also " '[guilty] knowledge or scienter may be proved, like any other fact, by circumstantial evidence.' " *Garrett v. State*, 160 Ga. App. 877, 878 (1) (288 SE2d 592) (1982). See also *Cobb v. State*, 125 Ga. App. 556 (1) (188 SE2d 260) (1972). " 'While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, " 'presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' " (Cit.)' [Cits.]" *Butler v. State*, 194 Ga. App. 208, 209 (2) (390 SE2d 278) (1990). The evidence adduced at appellant's trial authorized a rational trior of fact reasonably to find proof beyond a reasonable doubt of his guilt as a party to the crime of possession of cocaine with intent to distribute. *Langham*

*v. State,* 196 Ga. App. 71, 72 (2) (395 SE2d 345) (1990); *Riley v. State,* 191 Ga. App. 781, 782 (1) (383 SE2d 172) (1989). Accordingly, the general grounds are without merit.

*Judgments affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED FEBRUARY 5, 1992.

*Herbert W. Benson,* for appellant.

*David E. Perry, District Attorney, Ronald S. Smith, A. Douglas Newsome, Assistant District Attorneys,* for appellee.