A94A0093. ROUNDTREE v. THE STATE.
(446 SE2d 204)

BLACKBURN, Judge.

The appellant, Deon Roundtree, was indicted for trafficking in cocaine after more than 200 grams of a cocaine mixture were found in the car in which he was a passenger. The trial court denied Roundtree's motion to suppress the evidence seized during a warrantless search of the vehicle, and this interlocutory appeal followed.

On November 23, 1993, at approximately 8:00 p.m., an officer with the Dooly County Sheriff's Department stopped an automobile that was following the vehicle in front of it too closely. The vehicle was driven by Fontella Snipes. After the officer explained to Snipes why he had stopped the car, Snipes apologized and stated that the car belonged to Roundtree's brother. The officer then spoke with Roundtree, who indicated that his daughter's mother, Sonya Smith, owned the vehicle. Roundtree and Snipes also stated they were returning to Atlanta from a trip to Florida, but gave conflicting information as to the duration of their trip. Upon further questioning, Snipes denied knowing Sonya Smith.

Because of the conflicting information he received from Snipes and Roundtree, and because Snipes appeared to become increasingly nervous, the officer requested permission from Snipes to search the car. He explained to Snipes that she did not have to consent, and when Snipes refused to consent to the search, the officer told her that due to the circumstances he was going to call for a narcotics detection dog to conduct an exterior search of the vehicle.

The officer then asked Roundtree to step to the rear of the vehicle, where he explained the situation to him. At that time, Roundtree verbally consented for him to go ahead and search the vehicle, but the officer told him that he would rather wait for the drug dog. The officer requested the dog at 8:19 p.m., and the dog arrived on the scene at 8:34 p.m. The drug dog alerted three times when walking around the car, and a search of the trunk revealed a shoe box in which there

were several plastic bags containing cocaine.

On appeal, Roundtree contends that his motion to suppress should have been granted, on the grounds that the arresting officer's true motivation had been to develop an opportunity to search the vehicle, and that there was no probable cause to detain him beyond the limited time allowed for a brief investigative stop.

"In determining when an investigatory stop is unreasonably pretextual, the proper inquiry is not whether the officer *could* validly have made the stop but whether under the same circumstances a reasonable officer *would* have made the stop in the absence of the invalid purpose." (Citation and punctuation omitted.) *Caster v. State*, 210 Ga. App. 809, 810 (437 SE2d 608) (1993). The standard for pretextual stops is measured by "an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time, and not on the officer's actual state of mind at the time the challenged action was taken." (Citations and punctuation omitted.) *United States v. Bates*, 840 F2d 858, 860 (4) (11th Cir. 1988).

In the instant case, the officer testified at the suppression hearing that he pulled the vehicle over for following another vehicle too closely and that such stops were made to warn the following driver of the dangers caused by such driving. We find a reasonable officer would have stopped Roundtree's vehicle under the facts presented here. See *State v. Chambers*, 194 Ga. App. 609, 611 (391 SE2d 657) (1990); *Boggs v. State*, 194 Ga. App. 264 (390 SE2d 423) (1990). Further, there was no evidence that the arresting officer developed any suspicions of drug trafficking until after he decided to stop the vehicle.

Upon stopping the car, the officer's suspicions of illegal activity were aroused by the inconsistencies in the explanations given by Snipes and Roundtree concerning the ownership of the car and the duration of their trip to Florida, and Snipes' increasing nervousness. Under such circumstances, the officer's suspicions were reasonable, and justified the brief investigative stop that grew out of the lawful traffic stop. See generally *Murrell v. State*, 200 Ga. App. 231 (407 SE2d 460) (1991); *Claybrooks v. State*, 189 Ga. App. 431 (375 SE2d 880) (1988).

Approximately 19 minutes passed from the time the arresting officer initiated the traffic stop until the officer requested the drug dog. The drug dog was brought to the scene within 15 minutes of that request. The length of the investigatory stop was not unreasonable and did not go beyond the minimal intrusion authorized by *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). *Mann v. State*, 196 Ga. App. 730 (397 SE2d 17) (1990); but compare *Schmidt v. State*, 188 Ga. App. 85 (372 SE2d 440) (1988). Additionally, because the drug dog alerted to the automobile, the officer had probable cause to be-

lieve that contraband was contained therein. See *Boggs*, supra; *Donner v. State*, 191 Ga. App. 58, 60 (380 SE2d 732) (1989). Accordingly, the trial court correctly denied Roundtree's motion to suppress.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 13, 1994 —
RECONSIDERATION DENIED JULY 12, 1994.

*Saia, Richardson & Meinken, Joseph J. Saia, Lloyd W. Walker*, for appellant.

*John C. Pridgen, District Attorney*, for appellee.