A94A1261. EARL v. THE STATE.
(449 SE2d 361)

McMURRAY, Presiding Judge.

Defendant Earl appeals his conviction of two counts of the offense of armed robbery, five counts of the offense of aggravated assault, and one count of the offense of possession of a sawed-off shotgun. *Held:*

1. Defendant challenges the sufficiency of the evidence to authorize his conviction and maintains that no evidence was presented which corroborates the testimony of an accomplice concerning defendant's participation in the crimes of which he was convicted. Where an accomplice is the sole witness upon whose testimony the State relies, a felony conviction is not to be had unless the testimony of the accomplice is corroborated by some slight evidence from an extraneous source identifying the accused as a participant in the criminal act. *Kesler v. State*, 249 Ga. 462, 465 (2) (291 SE2d 497); *Morris v. State*, 204 Ga. App. 437, 438 (2) (419 SE2d 733); *Williams v. State*, 198 Ga. App. 725 (1), 726 (402 SE2d 796).

All of the offenses arise from two incidents which occurred minutes apart during the early morning hours of August 23, 1992. The first incident occurred when four victims leaving a nightclub in Marietta were approached outside the club by three armed black males who threatened and ordered the victims to get down on the ground, and took the wallet of one victim. A short time later the second incident occurred in the City of Smyrna when a single victim walking home from a party was robbed at gunpoint and beaten by five black males who emerged from a passing car. Defendant was indicted along with four alleged accomplices. Two of the accomplices pled guilty prior to trial and one of these individuals testified for the State at trial. The accomplice stated that during the Marietta robbery, defendant and one other accomplice waited in the car, that the car was defendant's, and that after the Marietta robbery they went to Smyrna

where the second robbery occurred. The accomplice's description of the events suggested that defendant was an active participant in the robberies. None of the victims was able to identify any of the perpetrators.

On the same day as the robberies, while being questioned on an unrelated charge, defendant volunteered that he had knowledge of both robberies in this case and told police where to find the gun used in the robberies. He also admitted to an investigator that he drove the car to the scene of the first robbery, stayed in the car during the robbery, and heard the discharge of the shotgun during the robbery. The victim of the second or Smyrna robbery provided a description of the car driven by the robbers which corresponded with defendant's car, in which defendant and a co-defendant were stopped by police later during the day of the robberies.

" 'On appeal of a criminal conviction, the appellant is no longer indulged with the presumption of innocence, for the jury has rendered its verdict; (this court does) not weigh the evidence or determine the witness' credibility but construe(s) the evidence to uphold the verdict. (Cit.)' Clark v. State, 197 Ga. App. 318, 320 (1) (398 SE2d 377) (1990). 'In Georgia, the testimony of an accomplice used to convict the accused of a crime must be supported by independent corroborating evidence as to the identity and participation of the accused tending to connect him to the crime or leading to the inference that he is guilty. (Cit.) Slight evidence of a defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony and thus support the verdict. (Cit.) The necessary corroboration may be by circumstantial evidence. (Cit.)' Harris v. State, 180 Ga. App. 56, 57 (1) (348 SE2d 476) (1986). Also, ' "(guilty) knowledge or scienter may be proved, like any other fact, by circumstantial evidence." ' Garrett v. State, 160 Ga. App. 877, 878 (1) (288 SE2d 592) (1982). See also Cobb v. State, 125 Ga. App. 556 (1) (188 SE2d 260) (1972). ' "While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, ' "presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." ' (Cit.)" (Cits.)' Butler v. State, 194 Ga. App. 208, 209 (2) (390 SE2d 278) (1990)." Bennett v. State, 202 Ga. App. 699 (415 SE2d 310). The evidence adduced at trial authorized a rational trier of fact to find proof beyond a reasonable doubt of defendant's guilt of the offenses of which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); Tucker v. State, 205 Ga. App. 683, 684 (423 SE2d 422).

2. Defendant contends the trial court erred in instructing the jury regarding the State's burden of proof in that the charge given did not accurately convey to the jury the concept of reasonable doubt because

t included this language: "Moral and reasonable certainty is all that can be expected in a legal investigation." However, while the Supreme Court of Georgia has stated that the better practice is to omit this phrase from a jury charge, it has also held that it is not reversible error when considered in the context of a correct charge on reasonable doubt. *Marion v. State*, 263 Ga. 358, 359 (2) (434 SE2d 463). The trial court having given a full and accurate charge on reasonable doubt, we find no reversible error.

3. Defendant contends the trial court erred in conditioning the probated portions of his sentence upon the payment of restitution for the fee of his court-appointed attorney without conducting a hearing to determine his ability to pay. " 'OCGA §§ 17-14-8 through 17-14-10 contemplate a hearing and specific written findings by the court in determining whether it will order restitution and, if so, the amount thereof.' (Citation and punctuation omitted.) *Bridges v. State*, 208 Ga. App. 555, 556 (1) (431 SE2d 164) (1993). Section 17-14-10 sets forth the factors to be considered by the court in determining the nature and amount of restitution, including the offender's present financial condition and future earning capacity and the amount of damages suffered by the victim. The trial court did not hold a restitution hearing, and the only mention of restitution at the sentencing hearing was the order itself. The court further did not enter specific written findings under OCGA § 17-14-[8]." *Fonseca v. State*, 212 Ga. App. 463, 464 (2) (441 SE2d 912). Accordingly, the case is remanded for a hearing and specific written findings pursuant to OCGA § 17-14-10. *Fonseca*, supra at 465.

*Judgment affirmed in part, reversed in part and case remanded. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 19, 1994.

*Edwin J. Wilson*, for appellant.

*Thomas J. Charron*, District Attorney, *D. Victor Reynolds, Debra H. Bernes, Nancy I. Jordan*, Assistant District Attorneys, for appellee.