A96A0360. PITTS et al. v. THE STATE.
(471 SE2d 270)

MCMURRAY, Presiding Judge.

Defendants Terry Roberts and Aubrey Pitts were tried before a jury on an indictment which charges them, as well as co-defendant Stanley Davis, with trafficking in cocaine. At trial, Deputy William Brad Todd of the Camden County Sheriff's Department testified that he stopped a rental van traveling north on Interstate Highway 95 at about 2:00 in the morning on April 21, 1994. Deputy Todd explained that he stopped the van because its driver failed to lower the vehicle's headlights in response to oncoming traffic. Deputy Todd testified that co-defendant Davis was driving the van; that defendant Roberts was in the front passenger seat and defendant Pitts was seated behind defendant Roberts. Deputy Todd testified the suspects appeared unusually tense; that co-defendant Davis and defendant Roberts gave conflicting versions of their travel itinerary and that he asked co-defendant Davis and defendant Pitts (because they were listed as

authorized drivers on the van's rental agreement) for their consent to search the vehicle.[1] Deputy Todd testified that defendant Pitts refused to give his consent so he decided to conduct a "free air search" outside the van employing the services of his canine patrol partner, "Pedro." Deputy Todd explained that Pedro is a "German Shepherd" with acute senses for detecting the presence of "marijuana, hash [and] cocaine."

Deputy Todd testified that he searched the van's interior after Pedro "alerted" outside the van's "sliding door" and that he found over five pounds of suspected cocaine stashed behind "the [interior] rear quarter panel." A crime laboratory chemist confirmed that this substance was 73.1 percent pure cocaine. Co-defendant Davis testified that he and defendants, along with another accomplice, purchased the cocaine in Miami, Florida; that he and defendants were on their way back to Georgia with the contraband when Deputy Todd stopped them and that he and defendants went to Miami for the sole purpose of purchasing cocaine. Co-defendant Davis admitted that he was pleading guilty and testifying against defendants in exchange for the promise of lighter punishment.

The jury found defendants guilty of trafficking in cocaine. Defendants Roberts and Pitts later filed a joint notice of appeal. *Held*:

1. Defendants challenge the sufficiency of the evidence, arguing that co-defendant Davis's testimony was not sufficiently corroborated. We disagree. " 'Slight evidence of a defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony and thus support the verdict. (Cit.) The necessary corroboration may be by circumstantial evidence. (Cit.)' *Harris v. State*, 180 Ga. App. 56, 57 (348 SE2d 476)." *Sheats v. State*, 211 Ga. App. 317 (1), 318 (439 SE2d 102). In the case sub judice, co-defendant Davis's testimony was corroborated by testimony regarding defendant Roberts' admission that he, defendant Pitts and co-defendant Davis were traveling from Miami, Florida. Co-defendant Davis's testimony was also corroborated by proof that defendant Roberts and co-defendant Davis gave Deputy Todd conflicting versions of their travel itinerary and the fact that Deputy Todd found a large quantity of cocaine stashed in the rental van in which defendants were traveling. This evidence is sufficient to authorize the jury's findings that defendant Pitts and defendant Roberts are guilty, beyond a reasonable doubt, of trafficking in cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Bennett*

---

[1] Co-defendant Davis informed Deputy Todd that the suspects had been vacationing for a "couple of days" at Daytona Beach, and defendant Roberts responded that the suspects had been in Miami, Florida, for a week.

*v. State*, 202 Ga. App. 699 (415 SE2d 310).

2. Defendants contend the trial court erred in denying their joint motion to suppress, arguing that Deputy Todd went beyond the permissible scope of a routine traffic investigation by questioning the van's passenger (defendant Roberts) about his travel itinerary and then conducting a "free air search" using Pedro, the drug-sniffing dog. Specifically, defendants assert that Deputy Todd's investigation was no different from the traffic stop in *Smith v. State*, 216 Ga. App. 453 (454 SE2d 635), where this Court reversed the denial of a motion to suppress because the investigating officer unlawfully detained a driving under the influence suspect for questioning about possession of narcotics after the driver had given the officer a reasonable explanation for the conduct which gave rise to the traffic stop. The follow-up narcotics investigation in *Smith* was based solely on the officer's "hunch" that narcotics were in the suspect vehicle. Id. at 455.

The case sub judice is distinguishable from *Smith v. State*, 216 Ga. App. 453, supra, because Deputy Todd did not call for Pedro's "free air search" based solely on a "hunch" that defendants' rental van contained narcotics. The deputy testified that he called for the "free air search" because defendants and co-defendant Davis appeared unusually anxious and because co-defendant Davis and defendant Roberts gave conflicting accounts of their travel itinerary. Also, unlike *Smith*, the questions Deputy Todd asked co-defendant Davis and defendant Roberts did not relate to a narcotics investigation. The deputy merely asked these suspects about their travel itinerary in a manner which was "not extensive or prolonged, and [was] not unconstitutionally intrusive when balanced against the widespread clear danger of drug peddling from Florida via the roads of this state. See *Radowick v. State*, [145 Ga. App. 231, 236 (244 SE2d 346)]." *Moon v. State*, 194 Ga. App. 777 (1), 778 (392 SE2d 19). Deputy Todd was therefore not only justified in questioning defendant Roberts about his travel itinerary during what defendants concede was an authorized traffic stop, but Pedro's unobtrusive "free air search" of the van's exterior was supported by an articulable suspicion which arose when co-defendant Davis and defendant Roberts gave conflicting accounts of their travel itinerary. See *Moon v. State*, 194 Ga. App. 777 (1), 778, supra. Probable cause for a full-blown search arose when these circumstances combined with Pedro's signal that an illegal odor was emanating outside the van's "sliding door." See *O'Keefe v. State*, 189 Ga. App. 519, 524 (3), 526-527 (376 SE2d 406).

The trial court did not err in denying defendants' joint motion to suppress.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 7, 1996.

*Clyde M. Urquhart, Stephen G. Scarlett*, for appellants.
*Glenn Thomas, Jr., District Attorney, George C. Turner, Jr., Assistant District Attorney*, for appellee.