## A96A1046. SIMMONS v. THE STATE.
(479 SE2d 123)

BLACKBURN, Judge.

James Simmons appeals the trial court's denial of his motion to suppress evidence of cocaine found during a vehicle search.

On March 7, 1995, Simmons was headed north driving a rental vehicle with Florida tags on I-75 in Butts County when he was pulled over by two police officers for tailgating and driving 77 mph in a 65 mph zone. The two officers, Scott Whitwell and Robbie Bishop, issued Simmons a traffic warning. Simmons' documents were returned to him, and he began walking towards his car. One of the officers testified, "[t]hat was the end of the traffic stop."

Before Simmons could leave, however, Officer Whitwell initiated further conversation with Simmons and told Simmons that there was a problem in the area with transporting illegal narcotics. Both officers, although designated as traffic enforcement, were dressed in fatigue-style uniforms. Additionally, the officers were accompanied by Whitwell's personal dog, who was trained in narcotics detection. Whitwell stopped Simmons and asked him if he was transporting illegal narcotics, and Simmons replied that he was not. Officer Whitwell then advised Simmons that while he had him stopped he wanted to walk his narcotics detection dog around the exterior of his vehicle. Officer Whitwell contends and Simmons disputes that he consented to such walk-around. The officers then conducted a walk-around of Simmons' car with Officer Whitwell's narcotics detection dog. When the dog signaled that narcotics may be present, the officers searched the vehicle and found approximately 600 grams of cocaine.

1. Simmons contends that the trial court erred in denying his motion to suppress because the initial stop was merely pretextual. Simmons never denied, however, that he was speeding. A reasonable police officer would have stopped Simmons for traveling 12 miles

over the speed limit, and thus this contention is without merit. See *Roundtree v. State*, 213 Ga. App. 793, 794 (446 SE2d 204) (1994).

2. Simmons contends that the trial court erred in denying his motion to suppress because the officers exceeded the scope of permissible investigation. The evidence is uncontroverted that when the officers conducted the walk-around of Simmons' vehicle with the narcotics detection dog, the traffic stop for which Simmons had originally been pulled over had concluded.

In denying Simmons' motion to suppress, the trial court held that "probable cause existed to conduct the 'walk around.'" Probable cause, however, is not the applicable legal standard for determining the validity of a brief detention. The appropriate legal standard for determining whether the additional questioning and the walk-around exceeded the scope of permissible investigation, in the absence of consent, is whether the officers had a *reasonable suspicion* that Simmons was transporting illegal drugs. See *State of Ga. v. Montford*, 217 Ga. App. 339, 340-341 (457 SE2d 229) (1995). If the officers had no reasonable suspicion that Simmons was transporting drugs, and if Simmons did not consent to the search, then the detention following the conclusion of the traffic stop exceeded the scope of permissible investigation.

In this case, the State offered three factors to establish reasonable suspicion: (1) Simmons and his passenger both appeared nervous; (2) Simmons told the officers that the vehicle rental agreement was in Simmons' wife's name, and his wife was not present in the vehicle; and (3) Simmons told the officers that he was nervous because the passenger was his girl friend. These factors are insufficient to establish a reasonable suspicion that Simmons was transporting illegal drugs. See *Rogers v. State*, 206 Ga. App. 654, 659-660 (426 SE2d 209) (1992) (extreme nervousness exhibited during police questioning, standing alone, is not sufficient to establish reasonable suspicion of criminal activity); see also *Miranda v. State*, 189 Ga. App. 218, 220-221 (375 SE2d 295) (1988) (airport case where lack of identification, one-way ticket purchased with cash, and accused's nervousness were found to be insufficient to establish reasonable suspicion of criminal activity); compare *Montford*, supra at 340-341.

In the absence of reasonable suspicion, the officers must have obtained Simmons' consent in order to lawfully continue the stop while detaining him. See *Smith v. State*, 216 Ga. App. 453, 455 (454 SE2d 635) (1995). The trial court did not address the issue of consent below, and the record contains conflicting evidence as to whether or not Simmons consented to the additional questioning and to the walk-around. Therefore, this case must be remanded to determine whether Simmons consented to the police questioning on the subject

of narcotics and to the dog walk-around.* If the questioning and walk-around were consensual, Simmons' motion to suppress must be denied. If found to be non-consensual, Simmons' motion to suppress must be granted. See *Smith*, supra.

*Judgment reversed and remanded with direction. Beasley, C. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED DECEMBER 4, 1996.

*Garland & Milam, Richard G. Milam*, for appellant.

*Tommy K. Floyd, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.

---

* Simmons also contends that, even if the additional questioning and the dog walk-around were valid, no probable cause existed to search his vehicle. This argument is without merit. "[B]ecause the drug dog alerted to the automobile, the officer had probable cause to believe that contraband was contained therein." *Roundtree*, supra at 794-795.