A98A1645. PARKER et al. v. THE STATE.
(504 SE2d 774)

JOHNSON, Presiding Judge.

Roderick Brian Parker and Eugene Herring appeal the trial court's denial of their motion to suppress evidence of cocaine found during a vehicle search. For reasons which follow, we reverse.

The evidence presented to the trial court was not in dispute. It shows that on June 13, 1996, an officer with the Gwinnett County sheriff's office stopped a Buick traveling northbound on Interstate 85 for swerving into the emergency lane and moving slower than the flow of traffic.

The officer asked the driver, Herring, to step out of the car and present his driver's license. Herring explained that he did not have his license. He appeared nervous as the officer questioned him about his destination. A second officer arrived on the scene, and the first officer explained the traffic stop. He noticed, and mentioned to the other officer, that Herring had not asked the reason for the stop, which he thought was unusual. As the officers talked, Herring paced nervously in front of the patrol car.

Parker, the front seat passenger, owned the car. Parker also appeared nervous, and his hands shook when he presented his driver's license to the officer. Once both men stepped out of the car and the first officer verified their licenses, he informed them that he was going to issue a courtesy warning to Herring for driving without a license and failing to maintain a lane. By way of explanation for this conduct, Herring stated that he was unsure of the speed limit on the highway and that the car had a mechanical problem which caused swaying. Herring also suggested that Parker drive the car for the remainder of their trip. After issuing the courtesy warning, the officer told both men they were free to go.

Having been released, Parker and Herring had already begun walking to the car when the officer stopped Parker and requested his consent to search the car. The officer admitted during his testimony that he asked for consent to search just to see how the men would react and "just for the hell of it." Parker asked why they wanted to search, and the first officer replied that he was looking for drugs, guns, or other contraband. Parker, after becoming very nervous and apparently looking to Herring for help, declined consent to search. The first officer informed Parker and Herring that they were not under arrest, but that he was going to detain their car until a drug dog could do a search of the vehicle. Herring then stated that he wanted to leave the car and use a phone. An officer radioed for a K-9 unit and for another unit to come and transport the men to the nearest exit.

When the third officer arrived on the scene, the first officer informed him that the three men were not under arrest and were free to go, but that the vehicle was being held for a search and the men wanted to use a phone. The first officer instructed him to keep the men under surveillance in case the search revealed illegal items in the car.

The K-9 unit arrived 15-20 minutes after their request. The drug dog "alerted," indicating to the officers the possible presence of drugs in the trunk of the vehicle. The police searched the car and found a substance which appeared to be cocaine in a black nylon bag. They instructed the third officer to arrest the three men. Parker and Herring were arrested and charged with violating the Georgia Controlled Substances Act.

In the trial court, Parker and Herring moved to suppress the evidence obtained during the search on the grounds that police lacked reasonable suspicion of criminal activity. Their motion was denied. We granted an interlocutory appeal from that order.

An appellate court reviewing a trial court's order on a motion to suppress evidence must accept the trial court's decisions with regard to questions of fact and credibility unless they are clearly erroneous. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). The reviewing court must also construe the evidence most favorable to the upholding of the trial court's findings and judgment and must not disturb the findings of the trial judge unless no evidence exists to support them. Id.

1. Parker and Herring assert that the officers lacked reasonable suspicion to detain them and search their car and the trial court should have suppressed the evidence obtained as a result of the illegal search. For the reasons which follow, we agree.

An officer must have reasonable suspicion of criminal conduct before conducting additional questioning and searching a vehicle

once a normal traffic stop has ended and the officer has told motorists they are free to go. *Simmons v. State*, 223 Ga. App. 781, 782 (2) (479 SE2d 123) (1996). To meet the reasonable suspicion standard, an officer's investigation during a traffic stop " ' "must be justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct[.][Cits.]" ' " *Jorgensen v. State*, 207 Ga. App. 545, 546 (428 SE2d 440) (1993). "Although this suspicion need not meet the standard of probable cause, it must be more than mere caprice or a hunch or an inclination." *State v. Smith*, 137 Ga. App. 101, 102 (223 SE2d 30) (1975).

Absent reasonable suspicion, the officers could not legally detain Parker and Herring or their car since Parker refused consent to search and since the traffic stop had concluded. In *Simmons*, which is virtually identical to the present case, this Court reversed a trial court's denial of a motion to suppress and remanded to the trial court for findings on whether Simmons had consented to search. *Simmons*, supra at 781. Police officers pulled Simmons over for speeding and tailgating, issued him a traffic warning, and ended the traffic stop. Id. Then the officers asked Simmons if they could conduct a drug dog search of his car and discovered narcotics. Id. The state sought to establish reasonable suspicion for the search because of the nervousness Simmons exhibited during the traffic stop. Id. at 782. This Court held that nervousness did not give officers reasonable suspicion and, therefore, police could detain the car after the end of the traffic stop only with Simmons' consent. Id.

In the present case, the only evidence of reasonable suspicion in the record is the officers' description of the nervousness of both Parker and Herring in various forms. Even if the officers based their request to search on the nervous behavior of Parker and Herring, under *Simmons* no reasonable suspicion existed as a matter of law. For the trial judge to rule otherwise is clearly erroneous. Moreover, the officer admitted during trial that he requested the search to see what reaction he would get and "just for the hell of it." These are not valid reasons for a police officer to search without consent, and the fact that he released Parker and Herring raises a strong inference that the officer had no reasonable suspicion that they were engaged in criminal activity. This search was nothing more than "mere caprice or a hunch or an inclination." *Smith*, supra at 102.

In denying the motion to suppress, the trial court relied on *Pitts v. State*, 221 Ga. App. 309, 311 (2) (471 SE2d 270) (1996). That case is factually distinguishable from the one at issue. In *Pitts*, testimony by the officer who conducted a dog search during a traffic stop established that the officer based his decision to search on the conflicting answers the appellants gave in response to his questions. Id. at 311. He also initiated the search *during* a traffic stop rather than after

the traffic stop had already ended. Id. at 310.

The state's attempt to distinguish the case at issue from *Smith v. State*, 216 Ga. App. 453, 454 (2) (454 SE2d 635) (1995), is unpersuasive. In that case, this Court reversed the trial court's denial of Smith's motion to suppress evidence found after a search of his car. The *Smith* court held that the officer, who pulled Smith over for weaving and suspected he was driving under the influence, illegally detained and questioned Smith. Id. After hearing Smith's plausible explanation for his erratic driving, the officer asked Smith whether he was carrying drugs, requested consent to search, and detained Smith while awaiting a dog. Id. The officer testified that he based his decision to detain Smith on the fact that Smith declined the search and a feeling that Smith was hiding something. Id. at 454. Finding that the officer based his detention of Smith on a mere hunch, the Court ruled that the evidence "was discovered during . . . continued illegal detention." Id. at 455.

The case at issue is similar to *Smith* because the officer here also received reasonable answers from Parker and Herring explaining the traffic violations which prompted the officer to pull them over. Also, the officer based his request to search on a hunch instead of on specific facts which gave him legitimate reasonable suspicion that Parker and Herring were engaged in criminal activity. The case at issue presents an even more egregious overreach by the officer than *Smith* because the officer had already ended the traffic stop and released Parker and Herring.

Because the search of the vehicle was not supported by reasonable suspicion, the cocaine found by the officers was illegally obtained. Accordingly, the trial court's denial of the motion to suppress should be reversed.

2. Based on our holding in Division 1, we need not reach the second enumeration of error, which contends that the trial court erred in denying the motion to suppress because detention for more than 30 minutes constituted an arrest for which the officer lacked probable cause.

*Judgment reversed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 28, 1998.

*Glyndon C. Pruitt*, for appellants.
*Daniel J. Porter, District Attorney, James M. Miskell, Assistant District Attorney*, for appellee.