## A99A0176. EDWARDS v. THE STATE.
### (518 SE2d 426)

RUFFIN, Judge.

A jury found Jonathan Edwards guilty of trafficking in cocaine. Edwards appeals, contending that the trial court erred in denying his motion to suppress. We affirm.

In reviewing a trial court's denial of a motion to suppress, we construe the evidence most favorably to uphold the court's ruling. *Wilburn v. State*, 230 Ga. App. 619 (497 SE2d 380) (1998). "It is the trial court's duty to resolve conflicts in the evidence, and its findings of credibility and fact will not be disturbed on appeal unless they are clearly erroneous." Id.

On November 6, 1996, Deputy Mark Whitwell of the Butts County Sheriff's Department was patrolling with his drug dog, Robbie. At approximately 3:45 p.m., Whitwell saw Edwards driving southbound on I-75. Whitwell saw Edwards' car drift out of its lane several times and noticed that Edwards was not wearing a seat belt. Whitwell pulled Edwards over, and Edwards exited his car and approached the officer. According to Whitwell, Edwards seemed nervous, appeared to focus on his car rather than listen to Whitwell, and stood on I-75 rather than on the shoulder of the road.

Whitwell noticed that Edwards' shirt was partially untucked and, for safety purposes, asked Edwards if he could pat him down. While patting Edwards, Whitwell felt a bulge in the waistband of Edwards' pants. As soon as Whitwell touched the bulge, Edwards quickly stepped away from him. When Whitwell asked Edwards what the bulge was, Edwards responded that "it was just me."

Whitwell then told Edwards to return to his car, and Whitwell returned to his patrol car to get Robbie. Whitwell walked Robbie around the outside of Edward's car, and Robbie's actions indicated that the car contained narcotics. Whitwell ordered Edwards and his passenger out of the car and told them to sit on the guardrail while he searched the car. Whitwell did not find any drugs in the car.

During the search, Whitwell noticed Edwards moving from the guardrail. As Whitwell exited the car to tell Edwards to sit down, he saw a brown paper bag on the ground. The bag contained a plastic bag of white powder that was subsequently identified as 122.1 grams of cocaine.

1. Prior to trial, Edwards moved to suppress the discovered evidence. Edwards claims the trial court erred in failing to suppress this

evidence because Whitwell did not have a reasonable suspicion that a crime had been committed.

To justify additional questioning of a driver and the search of a car following a routine traffic stop, an officer must have reasonable suspicion of criminal conduct. *Parker v. State*, 233 Ga. App. 616, 617-618 (1) (504 SE2d 774) (1998). In order to meet the "reasonable suspicion" standard,

> an officer's investigation during a traffic stop must be justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. Although this suspicion need not meet the standard of probable cause, it must be more than mere caprice or a hunch or an inclination.

(Citation and punctuation omitted.) Id. at 618.

Edwards argues that Whitwell did not have reasonable suspicion to search for narcotics. We note, however, that Whitwell did not find the cocaine as a result of his search of either Edwards or Edwards' car. Rather, Whitwell found the bag of cocaine on the ground where Edwards apparently had abandoned it. "There is nothing unlawful in the government's appropriation of abandoned property, which does not constitute a search or seizure in the legal sense." *Green v. State*, 127 Ga. App. 713, 714 (194 SE2d 678) (1972). "The constitutional protection of the Fourth and Fourteenth Amendments does not apply to property which has been abandoned." *Walker v. State*, 228 Ga. App. 509, 510 (1) (493 SE2d 193) (1997).

However, if unlawful police conduct coerces the defendant into abandoning the property, then suppression of the evidence may be warranted. Compare *Green*, supra at 715 (abandonment not coerced because the conduct of the police was lawful). Thus, we must address whether Edwards abandoned the cocaine in response to an unlawful seizure. For Fourth Amendment purposes, a person has been *seized* "only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." (Punctuation omitted.) *Aranda v. State*, 226 Ga. App. 157, 158 (1) (486 SE2d 379) (1997). Here, Edwards was seized when Whitwell ordered him from his car. See *Reagin v. State*, 218 Ga. App. 733, 734 (1) (463 SE2d 39) (1995).

Although Edwards was seized, the seizure was lawful. Whitwell saw Edwards' car drift out of its lane and saw that Edwards was not wearing his seat belt. Accordingly, Whitwell was authorized to stop Edwards for traffic violations. See *Buffington v. State*, 229 Ga. App. 450, 451 (494 SE2d 272) (1997). Whitwell noticed that Edwards was acting nervous. Nervous actions alone do not provide a reasonable basis for further detaining and questioning motorists. *Holt v. State*,

227 Ga. App. 46, 49-50 (487 SE2d 629) (1997). However, Whitwell was entitled to execute a pat-down search for weapons regardless of whether Edwards was acting nervous. *Buffington*, supra.

During the pat-down, Whitwell felt a bulge in the waistband of Edwards' pants. Although the bulge did not give rise to *probable cause* to search Edwards, it was sufficient to establish a *reasonable suspicion* that Edwards was engaged in criminal conduct of some sort and to warrant further investigation. See *Alex v. State*, 220 Ga. App. 754, 757 (2) (470 SE2d 305) (1996) (bulge in defendant's pocket authorized further investigation).

Under these circumstances, Whitwell was authorized to walk the drug dog around Edwards' vehicle to see whether the dog detected the odor of drugs. See *State v. Montford*, 217 Ga. App. 339, 340-341 (1) (457 SE2d 229) (1995) (motorist's extreme nervousness combined with fact that he wore a beeper and an unusual amount of jewelry and carried both a cell phone and a large amount of cash justified detaining motorist during free-air search by drug dog); *Pitts v. State*, 221 Ga. App. 309 (471 SE2d 270) (1996) (defendant's anxious behavior combined with conflicting statements given by defendants regarding their itinerary justified detaining defendants for free-air search by drug dog). Once the drug dog alerted to the automobile, Whitwell clearly had reason to further detain Edwards. See *Roundtree v. State*, 213 Ga. App. 793, 794-795 (446 SE2d 204) (1994) (drug dog's alert established probable cause).

As Whitwell lawfully detained Edwards, Edwards cannot claim that he was coerced into abandoning the bag of cocaine. Accordingly, the trial court did not err in denying Edwards' motion to suppress the evidence. See *Vines v. State*, 142 Ga. App. 616, 617 (237 SE2d 17) (1977).

2. Edwards also argues that a traffic stop for failure to wear a seat belt cannot form the basis of a search for narcotics. Pursuant to OCGA § 40-8-76.1 (f), failure to wear a seat belt "shall not constitute probable cause for violation of any other Code section." Thus, Edwards contends that Whitwell was permitted to question him only regarding the seat belt violation. This contention lacks merit.

As an initial matter, we note once again that Whitwell found the cocaine on the ground after Edwards abandoned it, and thus the evidence is admissible. *Vines*, supra. Moreover, nothing in OCGA § 40-8-76.1 (f) prevents an officer who stops a motorist for failing to wear a seat belt from conducting a reasonable investigation to ensure his safety. *Davis v. State*, 232 Ga. App. 320, 321 (1) (501 SE2d 836) (1998). If, during that investigation, the officer sees evidence of an unrelated crime, the officer may arrest the motorist for the unrelated crime notwithstanding the fact that the motorist originally was stopped for failing to wear a seat belt. Id. at 322 (1). Accordingly, the

trial court did not err in refusing to suppress evidence of the cocaine on this ground.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 12, 1999 —
RECONSIDERATION DENIED JULY 12, 1999.

*Hogue & Hogue, Franklin J. Hogue, Laura D. Hogue*, for appellant.

*Tommy K. Floyd, District Attorney, Sandra A. Graves, James L. Wright III, Assistant District Attorneys*, for appellee.