## A99A0799. THE STATE v. BLAIR.
### (521 SE2d 380)

PHIPPS, Judge.

As a result of evidence seized during a traffic stop, Emanual Blair and his co-indictees were charged with possession of marijuana with intent to distribute and other offenses. The State appeals the trial court's grant of Blair's motion to suppress the evidence.

On October 14, 1997, Georgia State Patrol Trooper Phillips was operating a stationary radar device along Interstate 85 in Banks County when he stopped an automobile containing four occupants and being driven with a dealer's drive-out tag. Phillips questioned the car's driver and front-seat passenger, who was identified as the owner. Phillips testified that his suspicions were aroused because neither individual produced any proof of ownership of the car, they provided conflicting explanations concerning the purpose of their journey, all occupants of the car appeared very nervous, and Blair was seated in the back of the car clutching a black bag. As a result, Phillips felt as though "something was going on," and he proceeded to ask the driver if there were any weapons, drugs, or large quantities of cash in the car. When the driver responded in the negative, Phillips unsuccessfully sought permission to search the car from the supposed owner.

Phillips then decided that he needed assistance and radioed Georgia State Patrol Corporal Brown, who was positioned approximately 200 yards away. When Phillips informed Brown of his inability to obtain consent to search the car, Brown summoned a canine unit. As Brown was approaching the scene in his patrol car, Blair fled with the bag in hand. After he was apprehended, approximately five pounds of marijuana along with ziplock baggies and a digital scale

were found in the bag.

In granting the motion to suppress, the trial court concluded that the trooper lawfully stopped the car because it did not have a state-issued tag but then unlawfully detained the car's occupants in order to search the car for drugs. As authority in support of its decision, the court cited *Smith v. State*, 216 Ga. App. 453, 454 (2) (454 SE2d 635) (1995). In arguing that the detention was lawful, the State relies on *Pitts v. State*, 221 Ga. App. 309, 311 (2) (471 SE2d 270) (1996). *Held*:

"Investigative stops of vehicles are analogous to *Terry*-stops, (*Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968)). . . ." *State v. Wright*, 221 Ga. App. 202, 204 (3) (470 SE2d 916) (1996).

> "The validity of an officer's investigative or protective conduct upon making a 'Terry stop' is determined in each case by balancing the extent of the intrusion against the immediacy and importance of the interest in crime prevention or law enforcement which is sought to be advanced." [Cit.]

*State v. Stansbury*, 234 Ga. App. 281, 282-283 (505 SE2d 564) (1998). An investigatory traffic stop

> "has been described by this court as a brief stop, limited in time to that minimally necessary to investigate the allegation invoking suspicion, and limited in scope to identification and limited questioning reasonably related to the circumstances that justified the initiation of the momentary stop. (Cit.)" [Cit.]

*Smith v. State*, supra at 454-455. An officer who questions and detains a suspect for other reasons exceeds the scope of permissible investigation unless he has "reasonable suspicion" of other criminal activity. *Simmons v. State*, 223 Ga. App. 781, 782 (2) (479 SE2d 123) (1996).

In *Smith*, a narcotics officer initiated a traffic stop to investigate a possible DUI violation after observing Smith's truck weaving between lanes. Smith, however, had no odor of alcohol on his breath and reasonably explained his erratic driving. Without taking any steps to ascertain whether Smith was under the influence, the officer asked if Smith had any narcotics in the truck and sought consent to search it. After Smith refused to give his consent, the officer summoned a K-9 unit to the scene. This court held the officer's detention of Smith in order to search his truck was based on nothing more than a "hunch" that the truck contained narcotics and was not authorized by *Terry*. Id. at 455.

Here, the officer stopped the car in which Blair was traveling in

order to investigate the car's registration and licensing. See OCGA § 40-2-20 (making a person's failure to register new or used motor vehicles within 30 days of purchase a misdemeanor punishable by fine). The evidence supports the trial court's finding that the officer abandoned that investigation and detained the occupants of the car in order to conduct a search for drugs. See generally *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). The court was authorized to conclude that the detention was impermissible because the facts known to the officer did not provide reasonable suspicion of illegal drug activity.

*Pitts* is factually similar to this case but ultimately distinguishable. The defendants in *Pitts* were traveling along Interstate 95 in Camden County in a rental van when they were stopped by a deputy sheriff because of the driver's failure to dim the vehicle's headlights in response to oncoming traffic. In *Pitts*, much like this case, the investigating officer detained the occupants of the vehicle in order to conduct a drug search because they appeared unusually tense and gave conflicting versions of their travel itinerary. But this court justified the detention in *Pitts* by holding that it was " 'not unconstitutionally intrusive when balanced against the widespread clear danger of drug peddling from Florida via the roads of this state. [Cit.]' [Cit.]" *Pitts*, supra at 311. No such justification has been asserted here. *Pitts* is not controlling.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 28, 1999 ▆▆▆▆▆▆▆▆▆▆▆

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellant.

*James W. Smith*, for appellee.