## A00A1506. NAVICKY v. THE STATE.
### (537 SE2d 740)

PHIPPS, Judge.

An indictment was returned charging Steven Navicky and Roberto Martinez with unlawful possession of cocaine and unlawful possession of marijuana. Following a bench trial, Navicky was convicted on both counts. This is his out-of-time appeal. He contends that the trial court erred in denying his motion to suppress the illegal drugs and that the evidence is insufficient to support the convictions. Finding no merit in these contentions, we affirm.

Evidence introduced at both the hearing on the motion to suppress and at the bench trial showed the following. At approximately 8:40 p.m. on May 28, 1996, Gwinnett County Police Officer Adams was patrolling the southbound lanes of Interstate 85 when he observed a van being driven so slowly that all other vehicles were passing it. Navicky was the driver, and Martinez was the front seat passenger. The van was owned by Navicky's mother.

After Officer Adams began following the vehicle, he noticed that the headlights and taillights were on but the light which is supposed to illuminate the license plate was not working. Officer Adams then stopped the vehicle and summoned Navicky to the rear where he pointed out the defective light. When asked about the passenger in the van, Navicky informed the officer that he had just picked up Martinez at a restaurant and that they were en route to a friend's house. Approximately five minutes after initiating the stop, the officer completed a driver's license and vehicle registration check, returned the documentation to Navicky, and asked for consent to search the van. Navicky readily agreed. Martinez was then removed from the van. While Officer Adams conducted the search, Navicky and Martinez were placed in the patrol car of another officer who had arrived on the scene.

In the center console, he found a black glove. Inside the glove, he found three bags containing marijuana. Underneath the bags, he discovered a wadded-up paper towel. Inside the towel he found two bags of cocaine. He discovered another bag of cocaine inside a drink holder that was lodged between the driver's seat and the driver's door. Altogether, the six bags contained 26.9 grams of marijuana and two grams of cocaine.

1. Navicky contends that the trial court erred in denying his motion to suppress because the traffic stop was unlawful in that the

officer observed no traffic violation.

This contention ignores OCGA § 40-8-23 (d). It provides:

> Either a taillight or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of 50 feet to the rear. Any taillight or taillights, together with any separate light for illuminating the rear registration plate, shall be so wired as to be lighted *whenever the headlights or auxiliary driving lights are lighted.*

(Emphasis supplied.)

When the officer initiated the traffic stop, the van's headlights and taillights were on, but the tag light was not working. Therefore, the officer did observe a traffic violation.[1] " 'It is evident that the stop of a vehicle is authorized if an officer observes the commission of a traffic offense. (Cit.)' [Cit.]"[2] " '[W]hen an officer sees a traffic offense occur, a resulting traffic stop does not violate the Fourth Amendment even if the officer has ulterior motives in initiating the stop. . . .' "[3]

2. Navicky contends the trial court erred in denying his motion to suppress because his consent to the search was invalid.

There is no merit in this contention. Having effected a valid traffic stop, the officer was authorized to request consent to search the automobile.[4] "The stop did not exceed the bounds of a brief investigative detention, so [Navicky's] consent to search was not the product of an illegal detention. The evidence supports the court's finding that his consent was freely and voluntarily given. [Cits.]"[5]

3. Finally, Navicky challenges the sufficiency of the evidence to support his convictions based on the argument that the evidence does not adequately exclude the possibility that the drugs belonged to Martinez. We cannot agree.

Officer Adams testified that while questioning Navicky, he continually observed Martinez as a safety precaution. He testified that Martinez did not make the kind of movements that would have been required for him to have secreted the drugs in the various locations where they were found. Moreover, a presumption arises that a per-

---

[1] Compare *Bowers v. State*, 221 Ga. App. 886 (473 SE2d 201) (1996) (physical precedent only); *Brown v. State*, 188 Ga. App. 184 (372 SE2d 514) (1988).

[2] *Taylor v. State*, 230 Ga. App. 749, 750 (1) (a) (498 SE2d 113) (1998).

[3] Id. at 750-751 (1) (b) (noting that the *Whren v. United States*, 517 U. S. 806 (116 SC 1769, 135 LE2d 89) (1996) test for determining whether a traffic stop is pretextual supplants the test set forth in *Tarwid v. State*, 184 Ga. App. 853, 854 (1) (363 SE2d 63) (1987)).

[4] *Gamble v. State*, 223 Ga. App. 653, 656 (3) (478 SE2d 455) (1996).

[5] *Taylor v. State*, supra at 751 (1) (c); compare, e.g., *Simmons v. State*, 223 Ga. App. 781 (479 SE2d 123) (1996), and *Smith v. State*, 216 Ga. App. 453 (454 SE2d 635) (1995) (involving nonconsensual searches).

son in control of an automobile possesses contraband found therein.[6] In addition, the law recognizes that possession may be actual or constructive, sole or joint.[7] Viewing the evidence in the light most favorable to the prosecution, and resolving all reasonable inferences and issues of weight and credibility in favor of the convictions,[8] we find the evidence sufficient.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

Decided July 21, 2000.

*Ronnie K. Batchelor*, for appellant.

*Daniel J. Porter, District Attorney, John S. Melvin, Assistant District Attorney*, for appellee.

[6] *Smith v. State*, 240 Ga. App. 150, 152 (2) (522 SE2d 744) (1999).
[7] *Price v. State*, 240 Ga. App. 37, 38 (1) (522 SE2d 543) (1999).
[8] *Richardson v. State*, 239 Ga. App. 345 (521 SE2d 239) (1999).