## A97A1363. MILAN v. THE STATE.
(491 SE2d 401)

BEASLEY, Judge.

Milan was convicted of trafficking in cocaine (OCGA § 16-13-31), possession of marijuana (OCGA § 16-13-30 (a)), and possession of a firearm during the commission of a crime (OCGA § 16-11-106). He appeals from the trial court's denial of his motion to suppress the contraband found during a search of his vehicle. He contends the search was illegal because it was incident to an arrest unsupported by probable cause.

Officer Bishop was a traffic enforcement/drug interdiction officer with the canine division of the Cherokee County Police Department. On January 10, 1991, he and another officer were patrolling Interstate 75 when they observed Milan driving slowly in a light rain and weaving across the road lanes. The officers pursued Milan, and he accelerated to a much higher rate of speed and proceeded from an exit ramp onto an adjacent highway without properly yielding the right of way to oncoming traffic. Bishop observed Milan turn into a gas station parking lot, exit his car, and begin pumping gas as though nothing had happened.

Bishop parked, approached Milan on foot, and asked for his driver's license. The car bore a Tennessee tag, but Milan produced a Georgia license. He was extremely nervous, as was the passenger. Milan told Bishop he was driving a rented car but was unable to produce any ownership or rental papers. Bishop issued warning citations to Milan for speeding and failure to yield the right of way.

He then asked Milan if he was transporting illegal narcotics or weapons. Milan became increasingly nervous and said "no." Bishop asked for consent to search the car, but Milan refused. Bishop told Milan he was going to retrieve the narcotics dog from his patrol car to do a walk-around of Milan's car. The dog showed some interest in the driver's door but gave an official indication on the right front passenger door. Bishop then told Milan he was going to search the car for narcotics. In a bag on the right side floorboard, Bishop found cocaine, marijuana, and a weapon. As Bishop was opening the bag, Milan fled

and was later arrested.

In reliance on *Schmidt v. State*, 188 Ga. App. 85 (372 SE2d 440) (1988), and *DiSanti v. State*, 190 Ga. App. 331 (378 SE2d 729) (1989), Milan argues that his arrest began at the moment he refused to consent to a car search so that legality of the search depends on the existence of probable cause at that time. The cited decisions do not support this argument. Rather, they hold that prolonged detention (30 minutes in *Schmidt* and about 58 minutes in *DiSanti*) is not authorized by *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), is thus an arrest, and must therefore be supported by probable cause at its inception to be legal.

In this case, the drug dog was on the scene, and less than three minutes elapsed from the time Milan refused to give his consent until the dog completed his circumnavigation of Milan's car. The length of this investigatory detention was not unreasonable and did not exceed the minimal intrusion authorized by *Terry*. See *Roundtree v. State*, 213 Ga. App. 793 (446 SE2d 204) (1994) (drug dog brought to scene within 15 minutes of officer's request). Because the dog alerted, the officer had probable cause to conduct the search. Id. Denial of Milan's motion to suppress was not error.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED AUGUST 6, 1997 —
RECONSIDERATION DENIED AUGUST 29, 1997 —

*Dyer & McElyea, Robert M. Dyer*, for appellant.

*Garry T. Moss, District Attorney, Kimberly K. Frye, Michelle C. Egan, Assistant District Attorneys, Gregory A. Hicks*, for appellee.