## A02A0659. GONZALES et al. v. THE STATE.

(564 SE2d 552)

Phipps, Judge.

After a stipulated bench trial, Jose Gonzales and Maria Hernandez were convicted of possession of marijuana with intent to distribute and sentenced to ten years on probation. On appeal, they challenge the trial court's denial of their motion to suppress evidence seized during a traffic stop. Based on our review of a videotape of the encounter, we conclude that the officer illegally exceeded the scope of a valid traffic stop. Thus, we reverse.

On January 22, 2001, Hernandez, accompanied by Gonzales, was driving south on I-75 in Houston County. Sheriff's Deputy Chad Payne stopped Hernandez because her Georgia license plate was partially obscured, in violation of OCGA § 40-2-41.[1] Payne asked Hernandez for her driver's license and proof of insurance and then asked Gonzales for identification. He also asked Hernandez and Gonzales numerous questions unrelated to the traffic stop. While the dispatcher was checking Hernandez's license and determining if Gonzales had any outstanding warrants, Payne called another officer to the scene for assistance. After Payne determined that Hernandez had a valid license, he issued her a warning for her license plate violation. Payne returned the licenses and insurance card to Hernandez while they were standing at the rear of Hernandez's vehicle.

As Hernandez turned to walk away, Payne said, "Let me ask you a question before you go. I'm certainly not accusing you of anything but a lot of times we run into people that transport contraband in their vehicles." Payne explained that by using the word "contraband," he meant "guns, drugs, weapons, large amounts of U. S. currency, dead bodies." He then asked Hernandez if he could search her vehicle. Her response, if any, was inaudible on the videotape. He asked her two more times before she apparently said "no" in response to his question, "do you mind if I search your vehicle?" When Payne searched the vehicle, he found several thousand dollars in U. S. currency and a plastic bag containing marijuana. He then arrested Hernandez and Gonzales.

Hernandez and Gonzales moved to suppress the marijuana as the product of an illegal search. The trial court orally denied the motion during trial, but made no specific findings of fact.

When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly

---

[1] See *Nelson v. State*, 247 Ga. App. 455 (544 SE2d 189) (2001) (violation of OCGA § 40-2-41 constitutes valid basis for initiating traffic stop).

erroneous.[2] The reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment and must not disturb the trial court's ruling if there is any evidence to support it.[3]

Hernandez and Gonzales claim that they were improperly detained after the conclusion of the initial traffic stop. The evidence indisputably shows that when Payne returned Hernandez's license and insurance card, the initial traffic stop based on the obscured license plate had concluded.

Once a routine traffic stop has ended, an officer must have either valid consent or reasonable suspicion of criminal conduct before conducting additional questioning and searching a vehicle.[4] Payne testified that his reasonable suspicion was based solely on the fact that Hernandez and Gonzales seemed extremely nervous. But nervousness alone is not sufficient to establish reasonable suspicion to detain and investigate for illicit drug activity.[5]

The State argues that reasonable suspicion was not required because the additional questioning was consensual. An encounter with the police is considered consensual and not subject to the reasonable suspicion requirement if " 'a reasonable person would feel free to disregard the police and go about his business. . . .' "[6] Here, immediately after the initial traffic stop had concluded and as Hernandez turned to walk away, Payne detained her so that he could ask her a question. Hernandez had no way of knowing if Payne wanted to ask additional questions related to the traffic stop or if, given Payne's propensity for asking unrelated questions, she had an obligation to listen to questions unrelated to the traffic stop. Under the circumstances, we find that a reasonable person would not have felt free to disregard the police and go about her business.[7] Thus, at the point Payne asked Hernandez about potential contraband in her vehicle, he went beyond the permissible scope of the investigation.[8]

The trial court erred by concluding that the continued detention was authorized.[9] Because Hernandez's consent to search her vehicle was the product of this illegal detention, it was not valid and the evidence obtained as a result of the illegal search of Hernandez's vehicle

---

[2] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

[3] Id.

[4] *Simmons v. State*, 223 Ga. App. 781, 782 (2) (479 SE2d 123) (1996).

[5] *Migliore v. State of Ga.*, 240 Ga. App. 783, 786 (525 SE2d 166) (1999); *Simmons*, supra; *Rogers v. State*, 206 Ga. App. 654, 659 (3) (426 SE2d 209) (1992).

[6] *State v. Sims*, 248 Ga. App. 277, 278 (546 SE2d 47) (2001) (citing *Florida v. Bostick*, 501 U. S. 429, 434 (111 SC 2382, 115 LE2d 389) (1991)).

[7] See *Sims*, supra at 279-280; *Smith v. State*, 216 Ga. App. 453, 455 (2) (454 SE2d 635) (1995).

[8] See *Smith*, supra.

[9] See id.

should have been suppressed.[10] Accordingly, we reverse the trial court's denial of the motion to suppress.[11]

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

DECIDED APRIL 22, 2002.

*Michael J. Moore, Matthew R. Hall,* for appellants.

*Kelly R. Burke, District Attorney, Amy E. Smith, Assistant District Attorney,* for appellee.

---

[10] See *State v. Gibbons,* 248 Ga. App. 859, 864 (2) (547 SE2d 679) (2001).
[11] See *Smith,* supra.