### A02A0044. FAULKNER v. THE STATE.
(567 SE2d 754)

BLACKBURN, Chief Judge.

Thomas Faulkner was convicted of possession of less than one ounce of marijuana. On appeal, Faulkner contends the trial court erred by denying his motion to suppress evidence discovered during a search of his motor vehicle. For the reasons set forth below, we reverse.

On appeal from a denial of a motion to suppress, this Court must construe the evidence most favorably to uphold the ruling of the trial court. *State v. Winnie.*[1] The trial court's application of law to facts which are undisputed, however, is subject to de novo review. Id.

The record shows that Faulkner was stopped by a police officer for traveling more than 300 feet in a center turn lane. After informing Faulkner of the reason for the stop and obtaining Faulkner's license and proof of insurance, the officer returned to his patrol car to run a records check. When the check was completed, the officer asked Faulkner to step to the rear of his vehicle and informed Faulkner that he was going to ticket him for driving in the center turn lane.

The officer then returned Faulkner's license and insurance card. The officer had Faulkner sign for the ticket and return it to him. He held it as he interrogated Faulkner, a clear indication that Faulkner

---

[1] *State v. Winnie*, 242 Ga. App. 228, 229 (529 SE2d 215) (2000).

was not free to leave. The officer asked whether Faulkner had anything in the vehicle that he should know about. Faulkner replied no. Then, the officer asked if Faulkner would mind if the officer searched him and his truck. Faulkner consented, and less than an ounce of marijuana was discovered.

On appeal Faulkner contends that the search of his car was improper because the police officer illegally detained him following the completion of the original traffic stop. Based on the specific facts of this case, we agree.

This Court has held, if an "officer *continues to detain* the subject after the conclusion of the traffic stop and interrogates him or seeks consent to search without reasonable suspicion of criminal activity, the officer has exceeded the scope of a permissible investigation of the initial traffic stop." *State v. Sims*.[2] Therefore, once the tasks related to the investigation of the traffic violation and processing of the traffic citation have been accomplished, an officer cannot continue to detain an individual without articulable suspicion.

> An officer who questions and detains a suspect for reasons other than those connected with the original purpose of the stop exceeds the scope of permissible investigation unless he has reasonable suspicion of other criminal activity. This reasonable suspicion must be based on more than a subjective, general suspicion or hunch. The detention must be justified by specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the detention, and the trooper must have some basis from which the court can determine that the detention was neither arbitrary nor harassing.

(Citations and punctuation omitted.) *State v. Gibbons*.[3]

The facts of record show that Faulkner was being detained at the time the police officer questioned him about the contents of his car. "[S]o long as a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual and no reasonable suspicion is required." (Punctuation omitted.) *Sims*, supra at 278. Contrary to the State's argument, no reasonable person in Faulkner's position would have felt free to leave prior to receiving his copy of the ticket. To the contrary, a reasonable person would wait for the ticket which contains the details of the stop, the identity of the officer, and the date and time of the hearing on the matter.

The facts of record also show that Faulkner's continued deten-

---

[2] *State v. Sims*, 248 Ga. App. 277, 279 (546 SE2d 47) (2001).
[3] *State v. Gibbons*, 248 Ga. App. 859, 863-864 (2) (547 SE2d 679) (2001).

tion was improper. "An officer who questions and detains a suspect for [reasons unrelated to the initial stop] exceeds the scope of permissible investigation unless he has reasonable suspicion of other criminal activity." (Punctuation and emphasis omitted.) *Sims*, supra at 280. There is no question that the initial stop for driving in the center lane was over at the time the police officer began to question Faulkner about the contents of his vehicle, and the police officer indicated that he asked these questions because he had seen a beer bottle cap on the floor of Faulkner's car and that Faulkner seemed nervous. The officer also stated, however, that it was clear to him that Faulkner had not been drinking. And, nervousness, alone, was an insufficient basis to detain Faulkner. *Holmes v. State*.[4] Accordingly, the police officer improperly detained Faulkner without the prerequisite reasonable suspicion.

Because Faulkner's consent to search was the product of an illegal detention, it was not valid. Accordingly, the judgment of the trial court must be reversed.

*Judgment reversed. Johnson, P. J., and Miller, J., concur.*

DECIDED JUNE 26, 2002.

*Sexton & Morris, Lee Sexton*, for appellant.

*Keith C. Martin, Solicitor-General, Michael T. Lesutis, Brian M. Johnston, Assistant Solicitors-General*, for appellee.

---

[4] *Holmes v. State*, 252 Ga. App. 286, 289 (556 SE2d 189) (2001).
[1] OCGA § 9-11-56 (c).