## A03A0071. DANIEL v. THE STATE.

(580 SE2d 682)

BARNES, Judge.

James Henry Daniel appeals his conviction for trafficking in cocaine, contending that the trial court erred in denying his motion to suppress evidence of the drugs that were found in his car. Finding no error, we affirm.

In reviewing a trial court's order on a motion to suppress evidence, we consider three principles: (1) the trial judge sits as the trier of facts, and we will affirm his findings on conflicting evidence if any evidence supports them; (2) we accept the trial court's decision as to questions of fact and credibility unless they are clearly erroneous; and (3) we construe the evidence most favorably to upholding the trial court's findings and judgment. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

Daniel argues that the trial court erred in finding that his consent to a search of his car resulted from a "valid consensual encounter." The arresting officer stopped Daniel's car because he was weaving over the centerline. Daniel told the officer he did not have his driver's license and gave the officer a false name. A check revealed that the person whose name Daniel gave had a valid driver's license, and the officer issued a warning ticket, then directed one of the two passengers who had a license in his possession to drive the car. The officer told Daniel he was free to go; then as he was walking away, the officer called Daniel back to talk with him for a minute.

The officer mentioned that they had been having problems with drugs being moved from Atlanta to outlying counties and asked if he could search the car. According to the officer, Daniel said if you want to search the car, go ahead, he did not mind. The officer asked Daniel to stand at the back of the car, and the passengers said they did not mind being searched for weapons and contraband. The officer found a lump of crack cocaine in one passenger's pocket, then found 1.6 ounces of crack cocaine under the driver's seat. Both Daniel and one

of his passengers were indicted for trafficking, and a jury acquitted the passenger but convicted Daniel.

Daniel argues that the arresting officer impermissibly expanded the scope of the questioning, and that his consent was tainted by the impermissibly lengthy detention. He asserts that, because the officer gave him a warning instead of a ticket for not having his license, he felt obliged to grant consent because to refuse would be rude. "There had to be some subtle coercive dynamics under the surface of this innocuous encounter," he concludes.

Daniel testified that, because the arresting officer was a policeman, Daniel thought he had to walk back to answer his questions. While Daniel argues that a tape of the encounter shows that the officer "barked out several orders mainly restricting Appellant's freedom of movement," the tape is not included in the record on appeal, and our review of the hearing and trial transcripts has found no evidence that the trial court viewed the tape. Therefore, we cannot consider this representation regarding the arresting officer's demeanor.

"[M]ere police questioning does not constitute a seizure[;] . . . so long as a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual and no reasonable suspicion is required." (Citations and punctuation omitted.) *State v. Sims*, 248 Ga. App. 277, 278 (546 SE2d 47) (2001). Further, a consent to search is valid if the consent was voluntary, and voluntariness is a question of fact to be determined from all the circumstances. Id. at 279.

The arresting officer testified that he had given Daniel the warning, returned the license to the passenger, and told Daniel he was free to go before asking for his consent to search the car, which Daniel gave. Unlike the situations in *Berry v. State*, 248 Ga. App. 874 (547 SE2d 664) (2001), and *State v. Gibbons*, 248 Ga. App. 859 (547 SE2d 679) (2001), the police officer did not unreasonably detain Daniel by asking if he could search the car. And unlike the situation in *Gonzales v. State*, 255 Ga. App. 149 (564 SE2d 552) (2002), the officer in this case did not ask Daniel numerous questions unrelated to the traffic stop. "Having already effected a valid stop of the vehicle, the trooper certainly did not violate the appellant's Fourth Amendment rights merely by requesting such consent." (Citation and punctuation omitted.) *Kan v. State*, 199 Ga. App. 170, 171 (2) (404 SE2d 281) (1991). See *Schneckloth v. Bustamonte*, 412 U. S. 218 (93 SC 2041, 36 LE2d 854) (1973).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED APRIL 4, 2003 — ▮▮▮▮▮▮▮

*James P. Brown, Jr., Lloyd J. Matthews*, for appellant.

*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.