## A03A0400. THE STATE v. McCLOUD.
### (581 SE2d 679)

BARNES, Judge.

The State appeals the trial court's grant of Roverto McCloud's motion to suppress evidence of cocaine found during a search incident to a traffic stop. Finding no error, we affirm.

In reviewing a trial court's order on a motion to suppress evidence, we consider three principles: (1) the trial judge sits as the trier of facts, and we will affirm his findings on conflicting evidence if any evidence supports them; (2) we accept the trial court's decisions as to questions of fact and credibility unless they are clearly erroneous; and (3) we construe the evidence most favorably to upholding the trial court's findings and judgment. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

The State argues that the trial court erred in granting McCloud's motion to suppress and misinterpreted case law in concluding that McCloud had to be free to leave for his consent to be voluntary. McCloud responds that the trial court did not err, and that by the time he gave consent for the search of his car he was already under arrest. Because he was under arrest, his consent was not freely given.

Following a hearing on the motion to suppress, the trial court in its order granting the motion found that the arresting officer was part of the Georgia State Patrol Troop F Drug Task Force, which was present in Laurens County with drug dogs to make traffic stops and then attempt to find drugs in possession of the alleged traffic violators. The trooper testified that they searched every vehicle they stopped for drugs.

According to the trial court, the trooper was buying gas when a car drove by with very loud music. He pursued and stopped the car, and the driver looked nervous. The trooper then testified that he issued a citation and McCloud was free to go, after which he asked McCloud for permission to search the vehicle and McCloud consented. Cross-examination brought out, however, that instead of McCloud's signature, someone wrote "jail" on the citations, demonstrating to the court that the tickets were not issued until after McCloud had been transported to the Laurens County Law Enforcement Center. "Therefore, at the time the officer made his request, it appears that the Defendant was not free to leave and the consent is therefore tainted," the trial court found.

> Under [this] set of circumstances, severe doubt is cast upon the credibility of the only State's witness. While the stop may have been arguably lawful, the actions of the trooper were not. The Court finds that at the time the

trooper made an inquiry as to whether or not he could have permission to search the Defendant's car, that the Defendant was under arrest for loud music. The fact that the Defendant was nervous after being stopped by a state trooper is not in and of itself sufficient articulable suspicion which would result in probable cause to search the Defendant's vehicle.

"[M]ere police questioning does not constitute a seizure[;] so long as a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual and no reasonable suspicion is required." (Citations and punctuation omitted.) *State v. Sims*, 248 Ga. App. 277, 278 (546 SE2d 47) (2001). In this case, the trial court determined that McCloud was not free to disregard the police and go about his business because he was under arrest, and therefore his "consent" was not valid. In the absence of any reasonable suspicion, the trooper was not entitled to search McCloud's car. These factual and credibility findings are not clearly erroneous, and we find no error. *Tate v. State*, supra, 264 Ga. at 54; *State v. Sims*, supra, 248 Ga. App. at 278; *State v. Gibbons*, 248 Ga. App. 859 (547 SE2d 679) (2001).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED APRIL 18, 2003.

*Ralph M. Walke, District Attorney, James C. Garner, Terry F. Holland, Assistant District Attorneys*, for appellant.

*Tapley & Warnock, George C. Tapley, Jackson & Lewis, Ralph N. Jackson*, for appellee.