A03A0420. ANDERSON v. THE STATE.
(583 SE2d 511)

MILLER, Judge.

Following a bench trial, Howard Anderson was convicted of possessing a firearm by a convicted felon and of possessing an imitation controlled substance with intent to distribute. He appeals, arguing the court should have granted his motion to suppress evidence obtained during a consensual search of the vehicle he was driving. We hold that based on the seat belt violation the officer observed, the officer had a legitimate right to conduct a *Terry* stop. We further hold that during the investigation of the seat belt violation, the officer encountered other suspicious circumstances, including conflicting stories from the passenger and driver about their itinerary and extreme nervousness from these two men, which circumstances gave the officer a reasonable articulable suspicion to continue questioning Anderson after the seat belt violation investigation was complete. Accordingly, we conclude that the trial court correctly denied the motion to suppress, and we affirm the judgment below.

An officer stopped a vehicle Anderson was driving on the ground that the front seat passenger was not wearing a seat belt. The officer had Anderson get out of the vehicle to show his license and insurance information. He asked Anderson about his travel itinerary and noticed that Anderson was acting very nervous (at trial, Anderson denied that he acted nervous). Anderson told the officer that they were returning from the mall. Allowing Anderson to return to the vehicle, the officer had the front seat passenger exit the vehicle and interviewed the passenger. The passenger also acted unusually nervous and gave the officer a directly conflicting story about their itin-

erary, stating that they were coming from a girl's house and that her house was the *only* place they had visited. The officer issued the passenger a "courtesy warning" concerning the seat belt violation, and the passenger returned to the vehicle. At trial the officer testified that at this point, he ceased investigating the seat belt violation and the parties were free to go.

Nevertheless, the officer immediately returned to the driver's side of the vehicle and asked Anderson to step back out of the car. Once Anderson stepped out of the car, the officer commented that their stories conflicted and asked why the passenger was acting so nervous. Anderson responded that he knew of no reason for the passenger to be nervous. The officer then asked for consent to search the car, and Anderson consented. The officer found a gun in the console and imitation drugs in the trunk. Anderson made incriminating statements to police about the gun, which statements he claimed at trial were false and were designed only to absolve his passengers of guilt.

Charged with possession of a firearm by a convicted felon and with possession of imitation contraband with intent to distribute, Anderson moved to suppress the evidence obtained from the vehicle on the ground that the officer had completed the traffic stop and was illegally detaining him at the time Anderson consented to the search. A bench trial ensued, and after the presentation of the evidence, the trial court denied the motion to suppress and found Anderson guilty of the charged offenses. Anderson appeals the denial of his motion to suppress.

The evidence was largely undisputed excepting whether Anderson acted nervously and whether his incriminating statements to police were accurate. Only Anderson's nervousness is material to the motion to suppress, and thus we construe that fact against Anderson. See *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). With regard to the undisputed facts, we review the trial court's application of the law to those facts de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

When effecting a traffic stop, an officer has certain restrictions on him regarding the scope of the detention. "The scope of the detention must be carefully tailored to its underlying justification." *Florida v. Royer*, 460 U. S. 491, 500 (II) (103 SC 1319, 75 LE2d 229) (1983). "This Court has held, if an officer *continues to detain* the subject after the conclusion of the traffic stop and interrogates him or seeks consent to search without reasonable suspicion of criminal activity, the officer has exceeded the scope of a permissible investigation of the initial traffic stop." (Citation and punctuation omitted; emphasis in original.) *Faulkner v. State*, 256 Ga. App. 129, 130 (567 SE2d 754) (2002).

The undisputed facts of the record show that Anderson was being detained at the time the officer questioned him about his passenger's conduct and asked for consent to search the car. "So long as a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual and no reasonable suspicion is required." (Citation and punctuation omitted.) *Faulkner*, supra, 256 Ga. App. at 130. No reasonable person in Anderson's position would have felt free to leave when the officer immediately returned to the driver's side of the vehicle to ask more questions. While a patrol car's blue lights are flashing and the officer continues his questioning, a reasonable person would wait until the officer indicates that the parties are free to go. See id. at 129-130. That the officer testified that in his mind the parties were free to go is not relevant; the key is the reasonable perspective of the person who is the subject of the traffic stop. See *Harmon v. State*, 253 Ga. App. 140, 141-142 (1) (558 SE2d 733) (2001); cf. *Gonzales v. State*, 255 Ga. App. 149, 150 (564 SE2d 552) (2002). Moreover, *even if the officer had told Anderson he was free to go*, "[a]n officer must have reasonable suspicion of criminal conduct before conducting additional questioning and searching a vehicle once a normal traffic stop has ended and the officer has told the motorists they are free to go." *State v. Thompson*, 256 Ga. App. 188, 189 (569 SE2d 254) (2002), quoting *Berry v. State*, 248 Ga. App. 874, 881-882 (4) (547 SE2d 664) (2001).

The record here reveals that the officer had a reasonable suspicion of criminal conduct. *Pitts v. State*, 221 Ga. App. 309, 311 (2) (471 SE2d 270) (1996), held that the officer had a reasonable articulable suspicion for further investigation where the car occupants appeared unusually nervous and gave directly conflicting accounts of their travel itinerary. Cf. *Jones v. State*, 253 Ga. App. 870, 873 (560 SE2d 749) (2002); *Roundtree v. State*, 213 Ga. App. 793, 794 (446 SE2d 204) (1994). Inasmuch as that is exactly what the officer here witnessed and heard, the officer had justifiable grounds to continue the temporary detention. The trial court correctly denied the motion to suppress.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JUNE 13, 2003.

*Paul K. Cook*, for appellant.

*R. Joseph Martin III, District Attorney, Keith A. McIntyre, Assistant District Attorney*, for appellee.