A03A1670. THE STATE v. BENJAMIN.
(596 SE2d 623)

BARNES, Judge.
The State appeals the trial court's grant of Michael Benjamin's motion to suppress evidence seized during a traffic stop.

---

The evidence developed during the hearing on the motion showed that Officer Thompson stopped Benjamin in his car about 9:00 p.m. one night for driving without a tag light. Benjamin appeared extremely nervous to Thompson and his Chief, who had arrived as backup.

Officer Thompson spoke with the Chief about complaints he had received from people in the neighborhood about Benjamin transporting drugs. They contemplated calling for a K-9 unit, but decided not to do so when they learned it would take 20 minutes for the dog to arrive and the officers did not feel that they had a sufficient basis to articulate a valid suspicion for detaining Benjamin that long.

Officer Thompson issued Benjamin a warning for the tag light violation, told him he could leave, returned his driver's license to him, and, as Benjamin started to walk away, asked to speak to him for a moment if he did not mind. When Benjamin returned to the officer, Officer Thompson asked for consent to search the car. Benjamin then gave his consent to a search of the car, retrieved his keys from the ignition, and opened the trunk. Benjamin was not under arrest when he was asked for permission to search the car. The search of the passenger compartment disclosed a pill bottle containing a small amount of marijuana and over 150 rocks of crack cocaine.

At the motion hearing, the Chief testified that they had no evidence that Benjamin was involved in any drug transaction and that they asked Benjamin for his consent to search because of his nervousness. Officer Thompson admitted that he had no basis for searching Benjamin's car.

Subsequently, the trial court, in a written order, granted the motion to suppress. The trial court applied *Gonzales v. State*, 255 Ga. App. 149, 150 (564 SE2d 552) (2002), and ruled that the search was unauthorized.

1. The standards to be applied when reviewing a trial court's decision on a motion to suppress are stated in *Tate v. State*, 264 Ga. 53, 54 (440 SE2d 646) (1994). Further, as the facts relevant to the trial court's ruling are undisputed, the court's application of the law to the undisputed facts is subject to de novo review. *Vansant v. State*, 264 Ga. 319, 320 (443 SE2d 474) (1994).

2. We find that the trial court misapplied the *Gonzales* decision. In *Gonzales*, we found the deputy's questioning of the driver unreasonable because he asked "numerous questions unrelated to the traffic stop," id. at 149, and only then asked for permission to search. In Benjamin's case, however, the officers did not conduct extensive questioning to attempt to manufacture reasonable suspicion. Instead, the officer merely asked for Benjamin's consent to search. Therefore, the trial court erred by granting the motion to suppress. *Daniel v. State*, 260 Ga. App. 732, 733 (580 SE2d 682) (2003).

As this court stated in *State v. Sims*, 248 Ga. App. 277 (546 SE2d 47) (2001),

> [t]he Fourth Amendment protects a person's right to be secure against unreasonable searches and seizures. The " 'touchstone of the Fourth Amendment is reasonableness.' *Florida v. Jimeno*, 500 U. S. 248, 250 (111 SC 1801, 114 LE2d 297) (1991)." *Ohio v. Robinette*, 519 U. S. 33, 39 (117 SC 417, 136 LE2d 347) (1996). "Reasonableness, in turn, is measured in objective terms by examining the totality of the circumstances." Id. And, the Supreme Court has consistently rejected bright-line rules in applying this test. Id. In deciding whether the question about drugs and weapons, standing alone, was unreasonable, we note that "mere police questioning does not constitute a seizure." *Florida v. Bostick*, 501 U. S. 429, 434 (111 SC 2382, 115 LE2d 389) (1991). The Supreme Court has made clear that "[s]o long as a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual and no reasonable suspicion is required." (Citation and punctuation omitted.) Id.; *Simmons v. State*, 223 Ga. App. 781, 783 (2) (479 SE2d 123) (1996) (if the police questioning was consensual, then questions on an unrelated topic after the conclusion of a valid traffic stop are allowed). Second, with regard to the consent to search, "one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." (Citations omitted.) *Schneckloth v. Bustamonte*, 412 U. S. 218, 219 (93 SC 2041, 36 LE2d 854) (1973). See also *Dean v. State*, 250 Ga. 77, 80 (2) (a) (295 SE2d 306) (1982). In deciding whether consent to search is valid, the Supreme Court has made clear that the sole test is whether the consent was voluntary. *Robinette*, 519 U. S. at 40. And, if the consent is voluntary, an officer may obtain consent to search a car following the conclusion of a valid traffic stop, without reasonable suspicion of criminal activity. Id. Finally, " 'voluntariness is a question of fact to be determined from all the circumstances.' " (Citation omitted.) Id. [at 39.]

(Footnote omitted.) *Sims*, supra, 248 Ga. App. at 278-279. In this case, the only evidence on whether Benjamin's consent was voluntary and whether he was free to go is the testimony of the two officers. Benjamin did not testify and no other evidence contradicts the testimony that Benjamin voluntarily consented to the search after being informed that he was free to go. Given this evidence, and

considering all the circumstances, we find no basis to conclude that Benjamin's consent was not voluntarily given.

Accordingly, we must reverse the grant of the motion to suppress and remand the case to the trial court for further proceedings.

*Judgment reversed and case remanded. Andrews, P. J., and Adams, J., concur.*

DECIDED JANUARY 13, 2004 —
RECONSIDERATION DENIED MARCH 11, 2004 —

*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney*, for appellant.

*Weiner, Shearouse, Weitz, Greenberg & Shaw, Michael L. Edwards*, for appellee.

