A04A1872. THE STATE v. TRAMMEL.
(606 SE2d 613)

MILLER, Judge.

The State appeals from the trial court's grant of Terrell Trammel's motion to suppress evidence gathered in connection with a police stop. We hold that since the officer had a reasonable suspicion of criminal activity to warrant the stop in question, the trial court erred in granting the motion to suppress. We therefore reverse.

Where, as here, the salient facts relating to the traffic stop are undisputed and no question regarding the credibility of witnesses is presented, the trial court's application of the law to the undisputed facts is subject to de novo appellate review. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). This Court's responsibility in reviewing the trial court's decision on the motion to suppress is to

ensure that there was a substantial basis for the trial court's decision. *State v. McFarland*, 201 Ga. App. 495 (411 SE2d 314) (1991).

The record reveals that an officer pulled over a vehicle that had blue lights under its hood, suspecting that the lights could have been illegal flashing lights. See OCGA § 40-8-90 (a) (prohibiting motorists from operating vehicles with flashing or revolving blue lights). When the officer pulled the vehicle over, he observed that Trammel and a female companion were both situated in the center portion of the car. By the time that the officer got to the vehicle, the female companion was in the driver's seat and Trammel was in the passenger's seat.

The woman in the driver's seat appeared nervous, and when the officer requested her driver's license and proof of insurance, he noticed that the name on the insurance card did not match the name on the driver's license. The woman explained that the car belonged to a friend. The officer informed the woman that he pulled her over because of the blue lights under the hood, and advised her to tell the owner of the car to get rid of the lights. The officer then indicated to the woman that she was free to go, and returned to his patrol car.

The officer became suspicious when he observed that the stick-shift car that the woman claimed that she had been driving stalled several times as she tried to pull away. This led the officer to believe that the woman had never driven a stick shift and perhaps was not the one who had been driving the car before the traffic stop. The officer suspected that even though he had not seen an actual switch of the passenger and driver before the stop, the person seated in the passenger's seat during the stop, Trammel, may have been the one who had actually been driving (and perhaps with a suspended license).

The officer got out of his car and went back to the vehicle to investigate further. He asked the woman in the driver's seat if she had initially been the one driving the vehicle, and she said "No." The woman told the officer that Trammel, the passenger, had been driving. The officer asked Trammel for his driver's license and insurance, but Trammel said that he did not have them. Trammel did, however, give the officer his name and birth date. The officer asked Trammel if his driver's license was suspended, and Trammel admitted that it was. Trammel further admitted that he had been driving. The officer checked Trammel's driving history and discovered that his license had been suspended for being a habitual violator. The officer arrested him for driving while being a habitual violator.

Trammel moved to suppress any evidence seized in connection with the stop, including statements made by him and his female companion, on the ground that the police did not have a reasonable suspicion of criminal activity to warrant the stop. The trial court granted the motion, prompting the State to appeal.

"[A]n officer must have reasonable suspicion of criminal conduct before conducting additional questioning and searching a vehicle once a normal traffic stop has ended and the officer has told the motorists they are free to go." (Citations and punctuation omitted.) *Anderson v. State*, 261 Ga. App. 657, 659 (583 SE2d 511) (2003). The officer initiating the stop must have a particularized and objective basis for suspecting that the person stopped is, or is about to be, engaged in criminal activity, because a stop that is based only on an unparticularized suspicion or a mere hunch is invalid. See *Painter v. State*, 227 Ga. App. 875, 877 (490 SE2d 544) (1997).

Here, the record reveals that the officer had a reasonable suspicion of criminal activity warranting the second stop. The officer observed Trammel and his female companion in the center of their car as he pulled them over, as if they were switching places. The woman who claimed that she had been driving the car was nervous and was unable to drive the stick-shift car when the officer was going to let her leave with only a warning. It was reasonable for the officer to conclude under the totality of the circumstances that the woman was not the original driver and may have switched places with the passenger, who had possibly been driving illegally. Cf. *Anderson*, supra, 261 Ga. App. at 659 (officer had reasonable suspicion to conduct further questioning after conclusion of initial stop where car occupants were nervous and gave conflicting stories). The trial court erred in granting Trammel's motion to suppress any of the evidence gathered in connection with the traffic stop.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 9, 2004.

*Robert E. Keller, District Attorney, Anece B. White, Assistant District Attorney*, for appellant.

*Chaundra D. Lewis*, for appellee.

