## A08A1252. CARNES v. THE STATE.
(667 SE2d 620)

ADAMS, Judge.

This is a traffic stop case. Following a bench trial on stipulated evidence, Jeremy Shawn Carnes was convicted of possession of less than one ounce of marijuana, possession of a drug related object (two counts), and violation of a license tag light requirement. On appeal he contends the trial court should have granted his motion to suppress the evidence obtained during the traffic stop.

A trial judge's findings of fact on a motion to suppress should not be disturbed if there is any evidence to support them; determinations of fact and credibility must be accepted unless clearly erroneous; and the evidence must be construed in favor of the trial court's findings and judgment. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994); *Jackson v. State*, 258 Ga. App. 806, 807-808 (2) (575 SE2d 713) (2002).

Carnes does not contend the trial court erred with regard to the main findings of fact. Construed in favor of the ruling, the facts show that at about midnight one evening Deputy Jeremy Thompson pulled Carnes over because his license tag light was not illuminated and because Carnes had gone past the balk line at a red light and continued to inch forward into the intersection anticipating the green light. Thompson then smelled the strong odor of cologne coming from Carnes's car, which, his experience told him, was often a sign of someone attempting to mask the odor of alcohol or drugs.

Thompson asked for Carnes's license and observed that Carnes had red eyes. Carnes got out of his car at Thompson's request, and Thompson explained why he stopped him and asked him general questions during which Carnes indicated he had no objection to an alco-sensor test. Thompson also intended to radio Carnes's driver's license information for a computer check. Thompson continued to converse with Carnes, whereupon Carnes became argumentative and interrupted Thompson repeatedly.

While Thompson was preparing to administer the alco-sensor test, he asked Carnes if he could search the car, and in response, Carnes indicated he had no objection. He asked Carnes what was in his pockets; Carnes replied that he had cigarettes and he voluntarily took them out and gave them to Thompson. After the alco-sensor test proved negative, Carnes's cell phone began to ring and Thompson told him he could pull it out but not to answer it. Carnes then reached both hands in his pockets, removed the phone with his right hand, and handed it to Thompson. When he did, he also removed an item from his left pocket with his left hand and placed it in his back pocket; he then removed what appeared to be a plastic baggie from his right pocket as well. Based on Thompson's training and experience, he believed the baggie could contain illegal drugs. Thompson asked for the items, and they turned out to be a plastic bag containing a small amount of marijuana and a pipe with residue on it. Thompson patted down, arrested and handcuffed Carnes and recovered two additional suspected drug pipes from the car.

"There was probable cause for the initial stop, based on the officer's observance of a traffic violation, the nonfunctioning tag light. *Navicky v. State*, 245 Ga. App. 284, 285 (1) (537 SE2d 740) (2000)." *Hampton v. State*, 287 Ga. App. 896, 898 (1) (652 SE2d 915) (2007). See also OCGA § 40-8-23 (d). This is true regardless of the officer's subjective intent. *Taylor v. State*, 230 Ga. App. 749, 750-751 (1) (b) (498 SE2d 113) (1998); *Whren v. United States*, 517 U. S. 806 (116 SC 1769, 135 LE2d 89) (1996).

Thompson then sought and obtained Carnes's voluntary permission to search the car. "If a driver is questioned and gives consent while he is being lawfully detained during a traffic stop, there is no Fourth Amendment violation." (Citation omitted.) *Salmeron v. State*, 280 Ga. 735, 736 (1) (632 SE2d 645) (2006). Therefore the court correctly denied the motion to suppress with regard to the items found in the car.

With regard to the continued questioning, there is no evidence in the record to suggest that the stop was unreasonably prolonged by Thompson's questioning. Carnes admits that the total time from when Thompson activated his blue lights to when he made the arrest was less than five minutes, during which time the consented-to

search was still pending. Where voluntary consent to search is obtained before completing the traffic citation and obtaining information on the status of the driver's license, the stop has not been unlawfully expanded. *Salmeron v. State*, 280 Ga. at 737; *Hayes v. State*, 292 Ga. App. 724, 726 (2) (665 SE2d 422) (2008). And during this time, Thompson developed articulable suspicion to expand or extend the scope of inquiry and detention. *Lane v. State*, 287 Ga. App. 503, 505-506 (651 SE2d 798) (2007). Carnes had been rolling into the intersection, had red eyes, had possibly tried to cover up the odor of drugs with cologne, and had become argumentative. See *Medvar v. State*, 286 Ga. App. 177, 178 (1) (648 SE2d 406) (2007).

Carnes's argument that the question about what he had in his pockets was illegal is without merit. There is no evidence that Thompson performed a pat-down search nor that he ever put his hands in Carnes's pocket at that point in the encounter. Rather he simply asked a question. It is well established that "mere police questioning does not constitute a seizure." *Florida v. Bostick*, 501 U. S. 429, 434 (II) (111 SC 2382, 115 LE2d 389) (1991). Compare *Corley v. State*, 236 Ga. App. 302, 306 (1) (b) (512 SE2d 41) (1999) (suppression warranted where police repeatedly requested defendant to empty his pocket). It was Carnes's actions of revealing a plastic baggie and attempting to hide items from Thompson that justified Thompson in taking further action.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED AUGUST 19, 2008 —
RECONSIDERATION DENIED SEPTEMBER 16, 2008.

*Banks & Stubbs, Rafe Banks III*, for appellant.
*Lee Darragh, District Attorney, Conley J. Greer, Assistant District Attorney*, for appellee.