*374 BENHAM, Justice,
concurring in part[15] and dissenting in part.
I write and dissent as to Division 2 because I respectfully disagree that any detainment of Rodriguez was lawful. Otherwise, with this ruling, we have given police the authority to detain persons who are lawfully operating their vehicles for being associated with persons who have outstanding warrants, for failing to make eye contact and for using air freshener in their vehicles, none of which is criminal conduct.[16]
As an initial matter, I agree with Judge Doyle in her dissent that Rodriguez did not waive her right to protest the validity of the initial stop. It is undisputed that the officer in this case made the stop solely because the license plate recognition system alerted that Enrique Sanchez, DOB August 24,1987, was a wanted person associated with the vehicle. The officer made no effort prior to the stop to determine whether the vehicle was registered to Sanchez or whether Sanchez was still at-large (i.e., that the alert was valid). A basic search of the Georgia Department of Corrections Offender Query database, which is accessible to the public on the world wide web through any Internet connection, shows that a person by the name of Enrique Sanchez, male, YOB 1987, was incarcerated at the Coastal State Prison from April 22, 2010 to November 5, 2010.[17] Thus, the officer could have easily completed his investigation of the Sanchez warrant with a simple search of his computer or a call to dispatch and without exiting his vehicle.
Even if the alert from the license plate recognition system created a reasonable suspicion for the stop, the moment that the officer determined that Sanchez was not inside the vehicle and was in prison was the moment the encounter should have ended. Here, Rodriguez had committed no moving violations, neither woman was observed to be engaging in any unlawful activity, and no contraband was in plain sight. The officer testified that he had no reason to disbelieve Rodriguez’s explanation about Sanchez, including her assertion that Sanchez was incarcerated. Again, that explanation was easily verifiable by a search of the Georgia Department of Corrections database. There was a complete absence of reasonable suspicion to conduct any further investigation once it was clear Sanchez was not in the vehicle. “[I]f the officer continues to detain the subject after the conclusion of the traffic stop and interrogates him or *375 seeks consent to search without reasonable suspicion of criminal activity, the officer has exceeded the scope of a permissible investigation of the initial traffic stop.” (Emphasis in original.) State v. Sims, 248 Ga. App. 277, 279 (546 SE2d 47) (2001). For the officer to detain the women for any amount of time to question them further or run Rodriguez’s and Williams’s information through the GCIC was wholly unrelated to the reason for the investigatory stop (i.e., the outstanding bench warrant for Sanchez) and was, thus, unauthorized. Id.[18] See also Florida v. Royer, 460 U. S. 491, 498 (103 SCt 1319, 75 LE2d 229) (1983) (it is unlawful for police to detain a person “even momentarily without reasonable, objective grounds for doing so”); Nunnally v. State, 310 Ga. App. 183 (2) (713 SE2d 408) (2011). “The scope of the detention must be carefully tailored to its underlying justification.” Florida v. Royer, 460 U. S. at 500.
We enjoy many freedoms and rights in this country, including, but not limited to, freedom of speech, freedom of assembly, freedom of religion, freedom of the press, the right to a speedy trial by jury, the right to vote, the right to travel, and the freedom from unreasonable searches and seizures. As the United States Supreme Court observed over thirty years ago:
Automobile travel is a basic, pervasive, and often necessary mode of transportation to and from one’s home, workplace, and leisure activities. Many people spend more hours each day traveling in cars than walking on the streets. Undoubtedly, many find a greater sense of security and privacy in traveling in an automobile than they do in exposing themselves by pedestrian or other modes of travel. Were the individual subject to unfettered governmental intrusion every time he entered an automobile, the security guaranteed by the Fourth Amendment would be seriously circumscribed. ... [Pjeople are not shorn of all Fourth Amendment protection ... when they step from the sidewalks into their automobiles.
Delaware v. Prouse, 440 U. S. 648, 662-663 (VI) (99 SCt 1391, 59 LE2d 660) (1979). Because I believe the police went well beyond their authority in this case, I would reverse the trial court’s denial of *376 Rodriguez’s motion to suppress and direct that the motion be granted upon return of the remittitur to the trial court.
Decided June 30, 2014.
Crawford & Boyle, Eric C. Crawford, for appellant.
Daniel J. Porter, District Attorney, Franklin P. Clark, Ay anna K. Sterling-Jones, Assistant District Attorneys, for appellee.
I am authorized to state that Justice Hunstein joins me in this partial dissent.

 I concur as to Division 1 of the opinion.

 See State v. Thompson, 256 Ga. App. 188 (569 SE2d 254) (2002).

 The only other Enrique Sanchez in the Department of Corrections database was born in 1965.

 Even if, as the majority contends, the officer knew of Williams’s outstanding warrant within four minutes of the stop, there was still no basis to detain Rodriguez because her driver’s license was valid. At that point, the officer should have at least allowed Rodriguez to leave. Instead, he decided to continue to question the women along with the other officer who had arrived, making both women exit the vehicle as each officer spoke to each woman separately.