## A09A1519. ADCOCK v. THE STATE.
(681 SE2d 691)

ELLINGTON, Judge.

Following a bench trial, the State Court of Cobb County found James Adcock guilty beyond a reasonable doubt of driving under the influence of alcohol while having an alcohol concentration of 0.08 grams or more, in violation of OCGA § 40-6-391 (a) (5). Adcock appeals, contending that the trial court erred in denying his motion to suppress evidence seized as a result of a traffic stop. Finding no error, we affirm.

"When the evidence is uncontroverted and no question of witness credibility is presented, the trial court's application of the law to undisputed facts [in ruling on a motion to suppress or a motion in limine] is subject to de novo appellate review." (Citation and punctuation omitted.) *State v. Tousley*, 271 Ga. App. 874 (611 SE2d 139) (2005).

The record shows the following undisputed facts. Just before midnight on October 11, 2007, a concerned motorist called 911 and said that he had seen a black Toyota Tacoma that was heading north on Canton Road going "all over the road" and then hitting a curb in the drive-through lane of a McDonald's restaurant. Based on this, the caller suspected that the driver might be impaired. The caller reported the Tacoma's tag number and said that the Tacoma had pulled out of the McDonald's, which was closed, and was headed toward a nearby Taco Bell restaurant. A dispatcher broadcast the information to officers who were on patrol, and several responded. The responding officers and the caller converged behind the Tacoma in the Taco Bell parking lot. The caller confirmed that the Tacoma

was the same car he had seen weaving and striking the curb. The ensuing DUI investigation resulted in Adcock's arrest.

Adcock's sole argument on appeal is that there is no evidence that the investigative detention was supported by a reasonable suspicion that he was committing or had committed a crime. In support of this, Adcock contends that the officer who initiated the traffic stop did not testify at the hearing on his motion to suppress and that the trial court could not presume that the officer who initiated the traffic stop had the same information about Adcock's driving as did the officer who testified at the hearing.[1]

The record does not support Adcock's claim that the officer who testified was not the one who first detained Adcock. Although the officer testified that he was not the first to arrive at the Taco Bell parking lot, it is undisputed that he was the first officer to approach Adcock and his car and the first to interact with Adcock in any way. There is no evidence that Adcock pulled into the parking lot in response to a siren, display of lights or other command by any police officer or that the officers took any action to trap Adcock's car in the parking lot. Thus, there is no evidence that any officer other than the one who testified at the hearing on Adcock's motion to suppress initiated Adcock's detention.[2]

We conclude that, under the totality of the circumstances,[3] the officer's investigative detention of Adcock was justified by a reasonable suspicion that he was driving illegally, under the influence of an intoxicant.[4] Accordingly, Adcock has shown no basis for reversing the

---

[1] See *Kazeem v. State*, 241 Ga. App. 175, 177-178 (1) (525 SE2d 437) (1999) (where the officers who initiated a traffic stop and detained the defendants did not testify at the hearing on the defendants' motion to suppress or at trial, the State failed to meet its burden of showing that the stop was justified by an objective and particularized basis for suspecting the defendants of criminal conduct and, therefore, the trial court erred in denying their motion to suppress).

[2] See generally *Darden v. State*, 293 Ga. App. 127, 130 (1) (a) (666 SE2d 559) (2008) (a brief investigative detention of a driver must be justified by a reasonable suspicion of criminal conduct, that is, by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity); *Stadnisky v. State*, 285 Ga. App. 33, 36-37 (2) (645 SE2d 545) (2007) (a brief investigative detention of a driver, or "second-tier" police-citizen encounter, occurs when, in view of all the circumstances surrounding the incident, a reasonable person would believe that he or she is not free to leave).

[3] See *Darden v. State*, 293 Ga. App. at 130 (1) (a) (in considering the legality of an investigative traffic stop, a court must consider the totality of the circumstances of a particular case).

[4] See *State v. Gomez*, 266 Ga. App. 423, 426 (3) (597 SE2d 509) (2004) (an officer had a reasonable, articulable suspicion to justify an investigative traffic stop where a concerned citizen reported that a red Honda Prelude with tag number 588ZJC was traveling northbound on I-85 and that the driver was driving "all over the roadway" and appeared to be intoxicated and where, after hearing this dispatch, the officer spotted a vehicle that matched this description on an exit ramp from northbound I-85, and confirmed that the tag number matched that given in the lookout); *Brown v. State*, 253 Ga. App. 741, 742-743 (1) (560 SE2d

trial court's order denying his motion to suppress.
*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JULY 10, 2009.

*McIlhinney & Sessions, Daniel B. Sessions,* for appellant.
*Barry E. Morgan, Solicitor-General, Barbara F. Berger, Assistant Solicitor-General,* for appellee.

---

316) (2002) (an officer had a reasonable, articulable suspicion to justify an investigative traffic stop where a concerned citizen reported that a suspected drunk driver was driving a white Ford truck with tag number 962JDB westbound on Highway 92 near the intersection with Highway 5 and where, within two minutes after hearing this dispatch, the officer spotted the truck at that intersection of Highways 5 and 92, checked the tag number, and confirmed that it was the reported truck).