## A09A1272. CHAMBERLAIN v. THE STATE.
(684 SE2d 134)

BERNES, Judge.

Appellant Charles Chamberlain was convicted of driving while under the influence of alcohol. On appeal, he contends that the trial court erred in denying his motion to suppress evidence seized as a result of an unlawful traffic stop. We disagree and affirm.

The pertinent facts of this case are undisputed. Accordingly, on appeal we conduct a de novo review of the trial court's application of the law to the facts presented. *Adcock v. State*, 299 Ga. App. 1 (681 SE2d 691) (2009).

The record shows that at approximately 3:00 a.m. on May 5, 2006, two officers driving in a marked police vehicle passed Chamberlain's vehicle as he drove in the opposite direction. Chamberlain caught the officers' attention because he was "braking erratically" as he drove. The officers turned to follow Chamberlain and immediately noticed that his vehicle did not have an operational tag light. Based upon the tag light violation, the officers initiated a traffic stop.

As one of the officers approached Chamberlain, he immediately noticed a very strong odor of an alcoholic beverage emanating from Chamberlain's person and further noticed that Chamberlain's speech was slurred and his eyes were watery and bloodshot. The officer thereafter asked Chamberlain to exit the vehicle and submit to field sobriety testing and a breath test. The events that followed

resulted in Chamberlain's arrest and conviction for driving while under the influence of alcohol in violation of OCGA § 40-6-391 (a) (5).

Prior to trial, Chamberlain moved to suppress the results of the breath test, arguing that the officers' observations of his erratic braking did not provide them with reasonable suspicion to authorize the stop of his vehicle. We need not consider whether Chamberlain's assertion is correct, however, because both officers testified that they stopped Chamberlain's vehicle based upon their observation of a tag light violation. See OCGA § 40-8-23 (d). Chamberlain's traffic violation — the nonfunctioning tag light — provided the officers with probable cause to stop Chamberlain's vehicle. See *Hampton v. State*, 287 Ga. App. 896, 898 (1) (652 SE2d 915) (2007); *Navicky v. State*, 245 Ga. App. 284, 285 (1) (537 SE2d 740) (2000). Accordingly, the trial court did not err in concluding that the stop of Chamberlain's vehicle was lawful and denying his motion to suppress.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 11, 2009.

*Gregory W. Holt*, for appellant.

*Alan R. Tawse, Jr., Solicitor-General, Arthur J. Creque, Assistant Solicitor-General*, for appellee.